**2017 IL 121450**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 121450)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
DENNIS L. BAILEY, Appellant.

*Opinion filed October 5, 2017.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Garman, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Dennis Bailey filed in the circuit court of Will County a *pro se* motion seeking leave to file a second postconviction petition under section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2014)). The State filed a written objection to the motion, and the circuit court held a hearing at which the State appeared and was permitted to argue against the motion and petition. Defendant was neither present at the hearing nor represented by counsel.

At the close of the hearing, the circuit court denied defendant's motion for leave to file a successive postconviction petition.

¶ 2    Defendant appealed, arguing that the State should not have been allowed to provide input to the court regarding his motion for leave to file. The appellate court rejected this argument and affirmed the denial of the motion. *People v. Bailey*, No. 3-14-0847 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We granted defendant's petition for leave to appeal.

¶ 3                              BACKGROUND

¶ 4    In July 2004, defendant was charged with one count of residential burglary and one count of disarming a peace officer. The circuit court allowed defendant's public defender to withdraw, and defendant proceeded *pro se* at his 2005 jury trial. Defendant was found guilty as charged and was sentenced to concurrent prison terms of 24 years on each of the two counts. On direct appeal, defendant's sole claim was that his waiver of trial counsel had not been voluntary and, as a result, the trial court erred in permitting him to represent himself at trial. The appellate court affirmed defendant's convictions and sentence (*People v. Bailey*, No. 3-06-0139 (2008) (unpublished order under Illinois Supreme Court Rule 23)), and we denied his petition for leave to appeal (*People v. Bailey*, No. 106964 (Ill. Nov. 26, 2008)).

¶ 5    In April 2009, defendant filed *pro se* his first petition for postconviction relief under section 122-1(a) of the Act (725 ILCS 5/122-1(a) (West 2014)). The trial court dismissed the petition on July 16, 2009, and defendant appealed. Appointed appellate counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and on April 4, 2011, the appellate court granted counsel's motion and affirmed the trial court's dismissal of the postconviction petition. *People v. Bailey*, No. 3-09-0700 (2011) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6    Defendant then filed in the circuit court of Will County a *pro se* motion for leave to file a second postconviction petition pursuant to section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2014)). Defendant did not address cause and prejudice in the motion, as required by the Act. Rather, he set forth claims alleging actual innocence, newly discovered evidence, denial of due process, speedy trial

violation, ineffective assistance of counsel (prior to withdrawal), and abuse of discretion by the trial court.

¶ 7    The State filed a written objection, arguing that defendant's motion for leave to file a successive postconviction petition should be denied because all of the claims were either barred by *res judicata* or did not meet the cause and prejudice test because no facts were alleged to explain why the claims were not raised in defendant's initial postconviction petition. In addition, the State argued that defendant alleged no facts that would support a finding of actual innocence. Defendant filed a response to the State's objection, in which he attempted to explain the lack of evidentiary support for his motion by asserting that he expected a favorable ruling in a declaratory judgment suit he filed against the trial judge, which would provide the evidence necessary to support his claims.

¶ 8    On October 6, 2014, the circuit court held a hearing on defendant's motion. Defendant was not present at the hearing, nor was he represented by counsel. A Will County assistant State's Attorney appeared at the hearing and argued that defendant's motion for leave to file should be dismissed because the claims raised in the successive petition could have been raised in defendant's first postconviction petition and defendant failed to establish cause and prejudice for failing to do so. After noting defendant's written reply to the State's objections, the circuit court denied the motion and dismissed the petition.

¶ 9    Defendant appealed, raising as his only argument that the circuit court erred in permitting the State to participate at the cause and prejudice stage of the successive postconviction proceedings. The appellate court rejected this claim and affirmed the lower court's denial of defendant's motion in an unpublished order. *People v. Bailey*, No. 3-14-0847 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)). In rejecting defendant's claim, the appellate court relied on the majority holding in *People v. Bailey*, 2016 IL App (3d) 140207, which addressed the identical issue raised here. In that case, the majority, applying "the rule of law that parties are generally permitted to respond to motions filed by the opposing party," held that the proper inquiry was whether section 122-1(f) of the Act creates an exception prohibiting the State from filing a response to a defendant's motion. *Id.* ¶ 20. Finding no such prohibition in the statute, the majority held that the State was permitted to offer input on whether the circuit court should allow the

defendant's motion, noting that the State's input would "assist in bringing threshold deficiencies in these motions *** to the trial court's attention."*Id.* ¶ 25.

¶ 10    Defendant filed a petition for leave to appeal in this court, which we granted on January 25, 2017. Ill. S. Ct. R. 315 (eff. Mar. 25, 2016).

¶ 11                                      ANALYSIS

¶ 12    The single issue before us is whether, under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)), the denial of defendant's motion for leave to file a successive postconviction petition must be reversed because the circuit court permitted the State to provide input on the merits of the motion and petition at the cause and prejudice stage. Defendant argues that the State improperly influenced the trial court's decision by filing a written objection and by arguing against the motion at an *ex parte* hearing held by the court.

¶ 13    The denial of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*. *People v. Wrice*, 2012 IL 111860, ¶ 50. In addition, the parties agree that our review is *de novo* here because the issue before us is one of statutory construction, requiring us to determine the proper interpretation of section 122-1(f) of the Act, which governs successive postconviction petitions. See *People v. Smith*, 2014 IL 115946, ¶ 21. When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *People v. Whitney*, 188 Ill. 2d 91, 97 (1999). When determining the meaning of a provision of a statute, the court should consider the statute in its entirety, including the subject addressed and the legislature's apparent objective. *People v. Davis*, 199 Ill. 2d 130, 135 (2002).

¶ 14    Section 122-1(f) of the Act provides as follows:

"(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during

- 4 -

his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2014).

¶ 15　　　The Act contemplates the filing of only one postconviction petition and provides in section 122-3 (725 ILCS 5/122-3 (West 2014)) that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Thus, section 122-1(f) represents an exception to this rule, permitting a successive petition, but only if the defendant first obtains permission from the court and demonstrates to the court cause and prejudice for not having raised the alleged errors in his or her initial postconviction petition. See *Smith*, 2014 IL 115946, ¶ 33; *People v. Evans*, 2013 IL 113471 ¶ 18; *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). The provision makes no mention of what role, if any, the State may play at this cause-and-prejudice stage of successive postconviction proceedings. In other words, the statute contains no express language either permitting or forbidding the State's input when the circuit court must decide whether to grant or deny a defendant's motion for leave to file a successive postconviction petition.

¶ 16　　　Defendant contends that the absence of language in the Act expressly allowing the State to file a responsive pleading to the motion for leave to file a successive postconviction petition, or to provide input on the court's decision to allow or deny a successive postconviction petition, should be interpreted to mean that the legislature did not contemplate the State's participation at this stage. We agree.

¶ 17　　　The Post-Conviction Hearing Act is a legislative creation that permits incarcerated defendants to collaterally attack their conviction by asserting that they suffered a substantial violation of their constitutional rights at trial. 725 ILCS 5/122-1(a) (West 2014); see also *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). The Act delineates the process for litigating all postconviction petitions. In section 122-1(b), the Act dictates that a postconviction petition must be verified by affidavit and filed with the clerk of the court in which the conviction took place. 725 ILCS 5/122-1(b) (West 2014). The filing of a postconviction petition is subject to certain specified time limitations, except that no such limitations apply to a claim of actual innocence. 725 ILCS 5/122-1(c) (West 2014).

¶ 18        Interpreting the Act in *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996), we determined that, when an initial postconviction petition is filed, proceedings are divided into three stages. At the first stage, the circuit court must review the petition within 90 days of its filing and determine whether the petition states the gist of a constitutional violation or is either frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2014); see also *Edwards*, 197 Ill. 2d at 244. If the postconviction petition is not dismissed at the first stage, the petition advances to the second stage, at which time the circuit court may appoint counsel to represent the defendant and to file any amendments to the petition deemed necessary. 725 ILCS 5/122-4 (West 2014); see also *Edwards*, 197 Ill. 2d at 245-46. At this stage, the court determines whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *Gaultney*, 174 Ill. 2d at 418; *Edwards*, 197 Ill. 2d at 246. If the petition fails to do so, it is dismissed. If not dismissed, however, the petition advances to the third stage, where the circuit court conducts an evidentiary hearing before deciding whether to grant relief. 725 ILCS 5/122-6 (West 2014); *Edwards*, 197 Ill. 2d at 246; *Gaultney*, 174 Ill. 2d at 418.

¶ 19        In section 122-2.1(c), the Act provides that "[i]n considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2014). In *Gaultney*, we interpreted this section to mean that, at the first stage, "the Act does not permit any further pleadings from the defendant or any motions or responsive pleadings from the State. Instead, the circuit court considers the petition independently, without any input from either side." *Gaultney*, 174 Ill. 2d at 418.

¶ 20        Our conclusion in *Gaultney* that the Act does not contemplate input from the State until after the petition is evaluated by the court was supported by the fact that section 122-5 of the Act expressly provides that the State may file a motion to dismiss or answer the petition "[w]ithin 30 days after the making of an order pursuant to subsection (b) of Section 122-2.1." 725 ILCS 5/122-5 (West 2014); *Gaultney*, 174 Ill. 2d at 418. This is the point when the petition has advanced to the second stage and the petitioner, if indigent, is entitled to appointed counsel. 725 ILCS 5/122-4 (West 2014). In *Gaultney*, therefore, we determined that, although the Act did not expressly prohibit the State's input at the first stage, "[t]he sections of the Act, when considered collectively, do not authorize the filing of a motion to

dismiss at the first stage." *Gaultney*, 174 Ill. 2d at 419. Prior to the second stage, the State's input would be "premature and improper." *Id.* Similarly, we now hold that it is premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive petition.

¶ 21 Although we have not previously considered the exact issue before us now, when interpreting section 122-1(f) of the Act in *Smith*, 2014 IL 115946, we held:

"To meet the cause-and-prejudice test for a successive petition requires the defendant to 'submit enough in the way of documentation to allow a circuit court to make that determination.' *Tidwell*, 236 Ill. 2d at 161. 'This is so under either exception, cause and prejudice or actual innocence.' [*People v.*] *Edwards*, 2012 IL 111711, ¶ 24. Consistent with our holdings in *Pitsonbarger*, *Tidwell*, and *Edwards*, we conclude that leave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings. See, *e.g.*, [*People v.*] *Pitsonbarger*, 205 Ill. 2d [444,] 463 [(2002)] ('a petitioner must establish cause and prejudice as to each individual claim asserted in a successive petition'); *Tidwell*, 236 Ill. 2d at 161 (a defendant seeking leave to institute a successive postconviction 'must submit enough in the way of documentation to allow a circuit court to make that determination'); *Edwards*, 2012 IL 111711, ¶ 24 ('leave of court should be denied only where it is clear, from a review of the successive petition and the documentation provided by the petitioner' that the petitioner's claims fail as a matter of law)." *Smith*, 2014 IL 115946, ¶ 35.

¶ 22 We reached this conclusion after noting:

"Section 122-1(f) contains no express provision for fully resolving the cause-and-prejudice determination prior to proceeding with the three-stage postconviction process outlined in the Act. Section 122-1(f) does not answer whether a successive postconviction petitioner must demonstrate cause and prejudice by actively pleading it, or by actually proving it. If the petitioner is required to prove cause and prejudice, section 122-1(f) does not provide a method for presentation of evidence.

From a practical standpoint, if a petitioner is required to establish cause and prejudice conclusively prior to being granted leave to file a successive petition, it may render the entire three-stage postconviction process superfluous. Section 122-1(f) does not provide that a petitioner is entitled to relief upon satisfaction of the cause-and-prejudice test. It only gives a petitioner an avenue for filing a successive postconviction petition. The legislature clearly intended for further proceedings on successive postconviction petitions." *Id.* ¶¶ 28-29.

¶ 23    In addition, we recognized that "[s]ection 122-1(f) does not provide for an evidentiary hearing on the cause-and-prejudice issues and, therefore, it is clear that the legislature intended that the cause-and-prejudice determination be made on the pleadings prior to the first stage of postconviction proceedings." *Id.* at ¶ 33.

¶ 24    Based on our findings in *Smith* that the cause and prejudice determination is a question of law to be decided on the pleadings and supporting documentation submitted to the court by the defendant-petitioner, and that no provision is made in the statute for an evidentiary hearing on the issue of cause and prejudice, we now hold that the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings. As in *Gaultney*, although the Act does not expressly prohibit the State's input, we find that the Act contemplates an independent determination by the circuit court. The motion for leave to file is directed to the court, and it is the court that must decide the legal question of whether a defendant has satisfied the section 122-1(f) requirement of showing cause and prejudice. This is a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice. *Id.* ¶ 34. In other words, the court must determine whether defendant has made a *prima facie* showing of cause and prejudice. If the defendant has done so, the court will grant leave for the petition to be filed.

¶ 25    Because the court is capable of making an independent determination on the legal question of whether adequate facts have been alleged for a *prima facie* showing of cause and prejudice and because the statute makes no provision for an evidentiary hearing and the petition, itself, is not actually filed until leave has been granted by the court, we see no reason for the State to be involved at the cause and prejudice stage. As we said in *Smith*, satisfying the section 122-1(f) cause and

prejudice requirement does not entitle the defendant to relief but rather "only gives a petitioner an avenue for filing a successive postconviction petition." *Id.* ¶ 29. Further proceedings on successive postconviction petitions were clearly contemplated by the legislature. *Id.*

¶ 26        If the court determines that cause and prejudice have been adequately alleged and allows the petition to be filed, it advances to the three-stage process for evaluating postconviction petitions. During this process, the State would have an opportunity to seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition.

¶ 27        We are further persuaded that the section 122-1(f) requirement of demonstrating cause and prejudice should be an independent determination by the court because successive postconviction petitions are typically filed *pro se* and the Act makes no provision for a defendant to be entitled to counsel until after a postconviction petition is docketed. 725 ILCS 5/122-4 (West 2014). In our view, permitting the State to argue against a finding of cause and prejudice at this preliminary stage, when the defendant is not represented by counsel, is inequitable, fundamentally unfair, and raises due process concerns.

¶ 28        The State does not directly address the fairness concern but, rather, maintains that because the Act does not affirmatively prohibit the State from opposing a motion for leave to file a successive postconviction petition, the statute should be interpreted as allowing the State's input. The State contends that permitting it to provide input on the motion is commensurate with the "default rule" that parties are generally permitted to respond to motions for leave to file. The State cites cases in which a party, without any specific statutory authority, was permitted to file an objection to an opposing party's motion for leave to file. See *Italia Foods, Inc. v. Sun Tours, Inc.*, 2011 IL 110350, ¶ 4 (motion for leave to file an amended complaint); *People v. Dittmar*, 2011 IL App (2d) 091112, ¶ 35 (motion for leave to file a late pleading); *People v. Hernandez*, 345 Ill. App. 3d 163, 166 (2d Dist. 2004) (motion for leave to file a supplemental brief).

¶ 29        What is immediately apparent, however, is that none of these cases have anything to do with motions for leave to file a successive petition within the context of postconviction proceedings. Although postconviction proceedings are

considered civil in nature, they are *sui generis* and for that reason general civil practice rules and procedures apply only to the extent they do not conflict with the Post-Conviction Hearing Act. *People v. Coleman*, 206 Ill. 2d 261, 288 (2002); *People v. Chester*, 2014 IL App (4th) 120564. For this reason, we find the cases cited by the State offer no guidance on interpreting the statutory provision before us.

¶ 30    The State also argues that we should find that the statute permits the State to provide input to the circuit court at the cause and prejudice stage because in *People v. Smith*, 383 Ill. App. 3d 1078, 1089-90 (2008), *People v. Collier*, 387 Ill. App. 3d 630, 639 (2008), *People v. Welch*, 392 Ill. App. 3d 948, 955 (2009), and *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶¶ 31, 35, our appellate court has held that the circuit court did not err when it allowed the State's participation before ruling on the defendant's motion for leave to file a successive postconviction petition.

¶ 31    We have reviewed each of the cases cited by the State and find them to be inapposite. Notably, in both *Smith* and *Collier*, due to their procedural posture, the defendants were represented by counsel when their motions for leave to file a successive postconviction petition were submitted to the court. In addition, the *Smith* and *Collier* courts found no error resulting from the State's participation because, as the *Collier* court explained:

"Here, as in *Smith*, the record fails to demonstrate that the State discussed with or influenced the court in its decision to deny defendant leave to file his petition. Neither the merits of the petition nor the procedural hurdles were discussed. The colloquy between the court and the assistant State's Attorney was directed only to the procedural posture of the case and the proper method of proceeding on remand." 387 Ill. App. 3d at 640.

¶ 32    Thus, *Smith* and *Collier* actually appear to support the notion that the State's input on the matter of cause and prejudice is not appropriate.

¶ 33    As noted above, in the case at bar, defendant filed his motion for leave to file a successive postconviction petition *pro se*, and he was not represented by counsel before the motion was dismissed. In addition, when the State filed its written objection to defendant's motion and argued against the motion at an *ex parte* hearing, the State's arguments were not directed to some collateral matter but to the

ultimate issue before the court, *i.e.*, whether defendant had shown cause and prejudice. We cannot say that the court was not influenced by the State's arguments when it denied defendant's motion. Accordingly, *Smith* and *Collier* are inapposite.

¶ 34    The State's reliance on *Welch* and *Crenshaw* is also misplaced. In *Welch*, the defendant filed *pro se* a second postconviction petition along with a petition for relief pursuant to section 2-1401 of the Code of Civil Procedure. See 735 ILCS 5/2-1401 (West 2014). Defendant was appointed counsel, who amended the postconviction petition to set forth additional claims and abandoned the defendant's *pro se* section 2-1401 petition. The amended postconviction petition was later dismissed, and that decision was upheld on appeal. Thereafter, the defendant filed another section 2-1401 petition *pro se*. The State moved to dismiss the petition as untimely, but the trial court reserved ruling on the State's motion and appointed counsel to represent the defendant. Appointed counsel then chose not to pursue defendant's *pro se* section 2-1401 petition and, instead, filed a motion for leave to file a successive postconviction petition, raising an issue different from the one the defendant raised in his *pro se* section 2-1401 petition. A hearing was held, at which the circuit court heard argument from both parties. The court denied the motion for leave to file a successive postconviction petition, finding the issue raised in the third successive petition had already been addressed and fully litigated and therefore defendant could not satisfy the cause and prejudice test. *Welch*, 392 Ill. App. 3d at 951.

¶ 35    On appeal, defendant's appointed counsel filed a *Finley* motion to withdraw, but the court denied the motion and ordered the parties to brief two issues. One of the issues to be briefed was whether it had been improper for the trial court to allow the State to argue against the motion for leave to file a successive postconviction petition. After briefing, the appellate court affirmed the trial court's denial of the motion for leave to file a successive postconviction petition. The court concluded that no error had occurred as a result of the State's participation, noting that "both parties participated in arguments regarding [defendant's] motion for leave to file his successive petition." *Id.* at 955. The court then affirmed the denial of the defendant's motion for leave to file a successive postconviction petition, stating: "The parties have not offered, and we have not found, any authority prohibiting input from the State at this stage of postconviction proceedings." *Id.*

¶ 36    After *Welch* was decided, the issue was addressed in *Crenshaw*, 2015 IL App (4th) 131035. The *Crenshaw* court cited *Welch* and, like *Welch*, found no error in allowing the State to provide input at the cause and prejudice stage of a successive postconviction proceeding, holding:

"The State's input can offer assistance to the trial court in making its decision whether to grant leave—assistance that may prove helpful given the issues raised and the passage of time, the latter evinced in this case by the nearly three years that elapsed between the filing of the amended postconviction petition and the petition for leave to file a successive petition." *Id.* ¶ 33.

¶ 37    The defendant in *Crenshaw*, like the defendant in the case at bar, pointed out that the House of Representatives of the ninety-eighth General Assembly had passed an amended version of section 122-2.1(f), which required a circuit court to decide whether to grant leave to file a successive postconviction petition " 'without pleadings from the State.' " (Emphasis omitted.) *Id.* ¶ 34 (quoting 98th Ill. Gen. Assem., House Bill 2961, 2013 Sess.) The defendant argued that, although this amended version of section 122-2.2(f) stalled in the House, the court should find that allowing the State to participate at the motion stage was contrary to the legislature's "proposed intent." The *Crenshaw* court rejected this argument, however, stating that "proposed intent" is not the law and "[u]ntil such time as our supreme court or the legislature says otherwise, we find nothing prevents the State from providing its input on a defendant's motion for leave to file a successive postconviction petition." 2015 IL App (4th) 131035, ¶ 35.

¶ 38    We find neither of these cases to be helpful in resolving the issue before us. *Welch*, like *Smith* and *Collier*, is factually distinguishable because of its procedural posture and because the defendant was represented by counsel. More importantly, when interpreting section 122-1(f), we are not persuaded by the *Welch* and *Crenshaw* courts' reliance on the absence of language in the statute prohibiting the State's participation at the cause and prejudice stage of successive postconviction proceedings.

¶ 39    As previously noted, the Act contemplates the filing of only one petition without leave of court (725 ILCS 5/122-1(f) (West 2014)), and any claim not presented in an original or amended petition is waived (725 ILCS 5/122-3 (West 2014)). For this reason, successive postconviction petitions are highly disfavored.

*Edwards*, 2012 IL 111711, ¶ 29. We acknowledged in *Smith* that "[s]ection 122-1(f) does not provide that a petitioner is entitled to relief upon satisfaction of the cause-and-prejudice test. It only gives a petitioner an avenue for filing a successive postconviction petition." 2014 IL 115946, ¶ 29. In this respect, although the standards are different, the cause and prejudice stage is similar to the circuit court's screening of a defendant's initial petition at the first stage, when the court must independently determine whether the defendant has met his burden of demonstrating the gist of a constitutional violation.

¶ 40     Moreover, if we were to agree that the circuit court may hold a hearing at which the State may provide input on whether cause and prejudice has been demonstrated, would not such a hearing be an evidentiary hearing, which is not authorized by the Act? Also, if we were to permit such a hearing despite the lack of statutory authority, would not due process require that the defendant be represented by counsel or, at the very least, be present at such a hearing? Consequently, by holding that the State may participate at the cause and prejudice stage, we would necessarily introduce additional costs—in terms of time and expenditure of judicial resources, as well as the cost of representation and the transporting of defendant from prison—all of which would defeat the apparent purpose of the Act, which is to expeditiously screen petitions which are highly disfavored. For this reason, too, we must reject such an interpretation of section 122-1(f) of the Act.

¶ 41     As a final matter, having found that the circuit court erred by permitting the State's input, we must consider the relief to which defendant is entitled. Defendant requests that we reverse the circuit court's denial of his motion and remand to the circuit court for consideration of his motion by a different judge. The State, however, contends that defendant's motion is deficient on its face and, therefore, there is no need to remand the matter.

¶ 42     In the interest of judicial economy, we have reviewed defendant's motion for leave to file his successive postconviction petition ourselves and find that there is no need for remand. Defendant makes no attempt in his motion to satisfy the cause and prejudice requirement of section 122-1(f). No facts are alleged for even a cursory showing of cause and prejudice.

¶ 43     As indicated above, defendant was found guilty on two counts: disarming a police officer and committing residential burglary for having entered, without

- 13 -

authority, the residence located at 1453 Garland Court in Joliet on July 23, 2004. In his motion for leave to file a successive postconviction petition, defendant first alleges actual innocence. He begins by stating, "Petitioner argue [*sic*] that this issue was mention [*sic*] in his first post-conviction petition, during a pre-postconviction motion for counsel's [*sic*] other then [*sic*] an [*sic*] public defender." Defendant then goes on to explain that he obtained "newly discovered evidence" in the form of a signed and notarized affidavit by Ruby Hughes, dated December 20, 2010, in which Ruby (now deceased) indicates that she saw defendant, in the early morning hours of July 22, 2004, knock on the front door of the residence at 1453 Garland Court before entering.

¶ 44       There are several serious defects with this claim of actual innocence. First, it would appear that, by defendant's own admission, this issue was previously raised and, therefore, *res judicata* applies. Second, even if we were to consider the actual innocence claim on its merits, it only attacks defendant's conviction for residential burglary and does not even mention defendant's conviction for disarming a police officer. Finally, assuming that the discrepancy in the dates is simply a clerical error, the affidavit—which is not attached to the motion because the only remaining copy of the affidavit "was placed in the Menard Correctional Center Mailbox" and apparently is no longer available—merely suggests that defendant may have sought permission to enter the residence by knocking. The affidavit does not assert that anyone answered the knock and permitted defendant to enter, nor does it negate the fact that, at trial, Tommy Taylor, who was living at 1453 Garland Court and encountered defendant in his residence, testified that he did not give defendant permission to enter.

¶ 45       Defendant raises additional claims in which he alleges that "newly discovered evidence" exists, which provides grounds for granting him postconviction relief in the form of a new trial. It is true that cause for not having raised a claim earlier may be supported by the fact that exculpating evidence only recently came to light and could not have been discovered earlier. In this case, however, defendant's motion fails to present any facts that would support a finding that the evidence is "newly discovered." For example, defendant claims that certain medical evidence regarding an injury to his left wrist, which would show that he could not have committed the offense of disarming a police officer, is "newly discovered" because

- 14 -

the trial court, having determined that the evidence was irrelevant, refused to allow him to present it at trial.

¶ 46 Defendant also raises a speedy trial violation claim—based on the trial court's grant of defense counsel's request for a continuance so that defendant's fitness for trial could be determined—and he raises a due process claim—based on his assertion that the doctor who evaluated his fitness for trial did not consider whether he was fit to represent himself at trial. It is clear, after examining defendant's motion for leave to file a successive postconviction petition, that he has failed to demonstrate cause and prejudice and that the claims he alleges fail as a matter of law and do not justify further proceedings. Accordingly, we affirm the denial of defendant's motion.

¶ 47                                                    CONCLUSION

¶ 48 In sum, we find that section 122-1(f) of the Post-Conviction Hearing Act permits a defendant to file a successive postconviction petition only if he or she is able to demonstrate cause and prejudice; that is, the defendant must allege facts to explain why the claims being asserted in the successive petition could not have been raised in the initial postconviction petition. Whether this *prima facie* showing of cause and prejudice has been made is a question of law to be independently determined by the circuit court.

¶ 49 In the case at bar, the circuit court permitted the State to argue against a finding of cause and prejudice. Based on our holding in this case, this was error. However, because the question of whether defendant's motion demonstrates cause and prejudice is a question of law and in the interest of judicial economy, we have chosen to review defendant's motion in lieu of remanding the matter to the circuit court. Upon examination, we find that, as a matter of law, defendant has failed to demonstrate cause and prejudice for not raising his claims, including his claim of actual innocence. Accordingly, we affirm the denial of defendant's motion for leave to file a second postconviction petition.

¶ 50 Affirmed.