# Illinois Official Reports

## Appellate Court

---

### *People v. Dolis*, 2020 IL App (1st) 180267

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES DOLIS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>No. 1-18-0267 |
| Filed | June 9, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 99-CR-5180; the Hon. Timothy Joseph Joyce, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Jonathan Krieger, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant appeals the circuit court's January 2018 order dismissing his *pro se* petition that sought relief pursuant to both the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) and section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). His sole contention on appeal is that the State improperly participated at the cause-and-prejudice stage of the proceedings under the Act, and he urges this court to remand the matter to the circuit court for a new cause-and-prejudice determination. We affirm.

¶ 2                                    BACKGROUND

¶ 3        Following a December 1999 jury trial, defendant was convicted of two counts of home invasion, for which he was sentenced to concurrent 30-year prison terms, and one count of aggravated battery, for which he received a concurrent 5-year prison term. The evidence presented at trial showed that, on February 11, 1999, defendant entered without authority into the home of Ellen Stefanits and her adult son, Glenn Podeszwa, which was located on the 3300 block of North Kilpatrick Avenue. While inside the residence, defendant stabbed Podeszwa with a knife and held Stefanits and Podeszwa captive inside the kitchen. Defendant's theory of defense with respect to the home invasion charges was that he resided in the home and, therefore, could not be found guilty of home invasion.

¶ 4        We affirmed defendant's convictions and sentences on direct appeal over his contentions that his sentence was excessive and that the trial court improperly relied on unreliable and vague testimony in aggravation at his sentencing hearing. *People v. Dolis*, No. 1-00-0759 (2002) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We also rejected his contention that the circuit court failed to conduct a preliminary inquiry, pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), into his claim that his trial counsel was ineffective for not presenting witnesses favorable to the defense.

¶ 5        Following the proceedings on direct appeal, defendant initiated a series of collateral attacks on his convictions and sentences, none of which, with the exception of one, warranted relief. See *People v. Dolis*, 2012 IL App (1st) 101632-U (vacating one of defendant's home invasion convictions). We have previously set forth defendant's numerous collateral attacks and need not summarize them here. See, *e.g.*, *People v. Dolis*, 2015 IL App (1st) 131139-U.

¶ 6        In 2015, defendant filed a petition entitled "Relief from Judgment and Actual Innocence Postconviction Petition," which is the subject of this appeal.[1] Therein, defendant sought relief both under the Act and under section 2-1401 of the Code. In October 2015, he supplemented the successive petition with a document entitled "Addendum to Actual Innocence Post Conviction/2-1401(f) Petition." In April 2016, he filed another supplement, entitled "Second Supplement to Actual Innocence Post Conviction/2-1401 Petition."

¶ 7        In these three filings, defendant alleged (1) his aggravated battery conviction was void because aggravated battery is a lesser-included offense of home invasion and therefore violated the one-act, one-crime rule; (2) his sentence for home invasion was void because it was procured by "fraud" in that the State presented perjured testimony from a police officer in

_____

[1]The record does not contain a file-stamped copy of the petition. Defendant signed the petition in January 2015.

aggravation at his sentencing hearing, the State presented the court with a "false" presentence investigation report, and his direct appeal counsel was ineffective for failing to raise the issue on direct appeal; (3) he was actually innocent of aggravated battery due to the one-act, one-crime violation; (4) the circuit court lacked authority to adjudicate him under the home invasion statute because he was a lawful resident of Stefanits's home; (5) the State used perjured testimony to obtain his convictions; (6) he was denied his right of self-representation and his appellate counsel was ineffective by refusing to raise the issue in his direct appeal; (7) his postconviction counsel provided him inadequate assistance by failing to adequately present his claim the State knowingly used perjury at trial and comply with Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984); (8) his appellate postconviction counsel provided him inadequate assistance by failing to properly brief his claim of ineffective assistance of appellate counsel on appeal from the dismissal of his initial postconviction petition; (9) his letters to the circuit court prior to his sentencing should have triggered a preliminary inquiry pursuant to *Krankel*, 102 Ill. 2d 181, and there was no such inquiry; (10) the initial postconviction proceedings were fundamentally deficient where his claim of ineffective assistance of trial counsel based on the failure to call certain witnesses was found barred by the doctrine of *res judicata* and where the circuit court improperly made factual findings at the second stage of proceedings; (11) his counsel on direct appeal was ineffective for failing to brief certain issues and telling defendant to "save" his claims for postconviction proceedings; and (12) the circuit court improperly denied his motion for substitution of judge in the initial postconviction proceedings without transferring it to a different judge for hearing.[2] Defendant raised each of these claims in his prior collateral proceedings.

¶ 8        At a November 8, 2017, status hearing, defendant and an assistant state's attorney (ASA) were present. The circuit court confirmed with the parties the procedural posture of the case and the pleadings that were before it for ruling and that defendant's petition was a successive petition, and the following colloquy occurred:

> "THE COURT: State doesn't have a voice in those [filings] at the moment?
>
> [ASA]: No, Judge.
>
> THE COURT: Consistent with the Illinois Supreme Court decision, *People v. Bailey*, [2017 IL 121450,] that's why I say that.
>
> [ASA]: That's correct, Judge."

¶ 9        On January 10, 2018, the parties appeared before the circuit court for a hearing on defendant's petition. The court confirmed with defendant that his petitions were filed both under the Act and section 2-1401 of the Code. Defendant argued in favor of his petition, and the court asked the State for its position. The State first noted "[w]e are in a successive postconviction proceeding [and] a successive 1401 proceeding," that defendant had filed an "endless stream of petitions" that had been ruled upon by the court and other judges, and that defendant had raised the same arguments "again and again and again and again." Therefore, the State argued, the principles of procedural default were at play. The State contended defendant's one-act, one-crime issue as well as the actual innocence claim could have been raised on direct appeal and in prior postconviction proceedings. Additionally, the State argued defendant's claims of ineffective assistance of postconviction counsel and postconviction appellate counsel should be rejected because postconviction counsel must only provide a

---

[2]We will refer to the three filings at issue as the "petition" for the sake of brevity.

reasonable level of assistance and such claims do not rise to the level of a constitutional claim. In closing, the State asked the court to dismiss the petition "both under [section 2-]1401 and the Post[-]Conviction Hearing Act."

¶ 10     Defendant responded that his initial postconviction proceedings were fundamentally deficient because his attorney failed to comply with Rule 651(c) and that he should not be subject to the doctrines of waiver, forfeiture, and *res judicata*.

¶ 11     The circuit court denied defendant leave to file his successive petition and dismissed his section 2-1401 petition in open court. In doing so, the court noted it had "listened carefully to the well-stated arguments of the parties" and that defendant had previously raised all of his contentions. The court found defendant's one-act, one-crime claim was not cognizable under either the Act or section 2-1401. The court found his actual innocence claim and the claims based on the purported perjury of the State's witnesses were essentially arguments that the State failed to prove him guilty beyond a reasonable doubt, which are not proper subjects under the Act or section 2-1401. With respect to defendant's claims of ineffective assistance of postconviction counsel, the court found the State had "correctly pointed out" that there is no constitutional right to the effective assistance of counsel in proceedings under the Act but rather defendants are entitled only to a reasonable level of assistance. Further, the court noted that such claims are not constitutional claims that are cognizable under the Act or section 2-1401. Finally, the court found defendant's claims had been raised and decided previously and, therefore, were barred by *res judicata*.

¶ 12     This appeal followed.[3]

¶ 13                              ANALYSIS

¶ 14     The Act sets forth a procedure under which a criminal defendant can assert his or her conviction was the result of a substantial denial of his or her rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Proceedings under the Act are initiated by the filing of a petition. *Id.*; 725 ILCS 5/122-1(b) (West 2014).

¶ 15     The Act contemplates the filing of only one petition without leave of court. 725 ILCS 5/122-1(f) (West 2014). Section 122-1(f) of the Act states as follows:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

---

[3]On February 13, 2018, defendant filed a motion to reconsider the circuit court's January 10, 2018, order. On February 20, 2018, the court entered an order striking defendant's motion. Because the motion was filed more than 30 days after the order and was therefore untimely, it had no effect on defendant's January 10, 2018, notice of appeal. See Ill. S. Ct. R. 606(b) (eff. July 1, 2017).

¶ 16          In *People v. Bailey*, 2017 IL 121450, ¶ 24, our supreme court held the State is not permitted to participate at the cause-and-prejudice stage of successive postconviction proceedings. In doing so, the court reasoned that the cause-and-prejudice test presents a question of law that must be decided on the pleadings and supporting documentation submitted to the court by the defendant and that the Act provides no basis for an evidentiary hearing on the issue of cause and prejudice. *Id.* The court found the cause-and-prejudice determination "is a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *Id.* Because the circuit court is capable of making an independent determination on this legal question, the *Bailey* court saw "no reason for the State to be involved at the cause and prejudice stage." *Id.* ¶ 25.

¶ 17          Here, the record shows the State impermissibly participated at the cause-and-prejudice stage of the proceedings under the Act. At the January 10, 2018, hearing, the court asked the State for its position after defendant argued in favor of his petition. The State argued that defendant should not be granted leave to file his successive postconviction petition because his claims were barred by *res judicata* or were forfeited by defendant's failure to include them in earlier proceedings. Additionally, the State argued defendant's claims relating to his postconviction counsel were not constitutional claims cognizable under the Act. Accordingly, we conclude the State improperly participated at the leave-to-file stage of the successive postconviction proceedings.

¶ 18          The State argues it merely "assisted the court in understanding the procedural posture of the case and the pleadings before it." While it is true the State assisted the circuit court in this manner, the record also shows the State actively participated in the hearing, arguing against defendant's claims.

¶ 19          The State also argues *Bailey* is distinguishable because the petition at issue was filed both under the Act and section 2-1401 of the Code. Because the State is not precluded from participating in proceedings under section 2-1401, the State maintains that its participation at the hearing was not improper. Further, the State argues the circuit court was able to keep the proceedings separate, as evidenced by the fact that, at the November 8, 2017, hearing, both the State and the court noted the State was not permitted any input at this stage of the proceedings pursuant to *Bailey*. We are not persuaded by the State's argument.

¶ 20          The record shows the State addressed defendant's filing in a unitary manner. The State never limited its argument to the proceedings under section 2-1401. In fact, the State specifically argued some of defendant's claims were not cognizable under the Act and asked the court to dismiss defendant's claims "both under [section 2-1401] and the Post[-]Conviction Hearing Act." Further, there is no indication that, when the circuit court asked the State for its position at the January 10, 2018, hearing, the court limited its inquiry specifically to the proceedings under section 2-1401 of the Code.

¶ 21          Nor are we persuaded by the State's argument that "nothing in the record suggests that the [circuit] court relied on anything the [ASA] said in denying leave to file a successive post-conviction petition." We note the *Bailey* court required no such showing. In any event, the record does not support the State's argument. The court found the State had "correctly pointed out" that claims relating to the adequacy of postconviction counsel are not constitutional claims that are cognizable under the Act. Moreover, the court specifically stated it had considered

- 5 -

both parties' arguments before announcing its ruling. Accordingly, we conclude the State improperly participated at the cause-and-prejudice stage of the proceedings.

¶ 22 That said, we must next determine the remedy, if any, to which defendant is entitled. Defendant, relying on *People v. Baller*, 2018 IL App (3d) 160165, *People v. Munson*, 2018 IL App (3d) 150544, and *People v. Partida*, 2018 IL App (3d) 160581, contends the proper remedy is to remand the matter to the circuit court for an independent determination of cause and prejudice. The State argues remand is not required under *Bailey* and we may review the issue. We agree with the State.

¶ 23 In *Bailey*, the defendant requested that the circuit court's denial of his motion for leave to file a successive petition be reversed and the matter remanded to the circuit court for consideration of his motion by a different judge. *Bailey*, 2017 IL 121450, ¶ 41. The State argued defendant's motion was deficient on its face and, therefore, there was no need to remand the matter. *Id.* The *Bailey* court elected to review the petition, stating "[i]n the interest of judicial economy, we have reviewed defendant's motion for leave to file his successive postconviction petition ourselves and find that there is no need for remand." *Id.* ¶ 42. Finding defendant had made no attempt in his motion to satisfy the cause-and-prejudice test, it affirmed the trial court's judgment. *Id.* In addition, the court discussed the defendant's actual innocence claims and found "several serious defects." *Id.* ¶ 44.

¶ 24 As noted by defendant, there exists a split of authority in this court as to the proper remedy when the State improperly participates at the cause-and-prejudice stage of successive postconviction proceedings. In *Munson*, 2018 IL App (3d) 150544, ¶ 10, the Third District held the appellate court may not conduct its own examination of cause and prejudice and must instead remand the matter to the circuit court when the State has improperly participated at the cause-and-prejudice stage. The *Munson* court reasoned the appellate court, unlike the supreme court, does not have broad supervisory authority. *Id.* It found, pursuant to Rule 615(b), the appellate court is authorized only to (1) reverse, affirm, or modify the judgment or order from which the appeal is taken; (2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken; (3) reduce the degree of the offense of which the appellant was convicted; (4) reduce the punishment imposed by the trial court; or (5) order a new trial. *Id.* Further, it found Rule 615 does not provide the appellate court with the power to conduct a *de novo* hearing on a defendant's motion for leave to file a successive postconviction petition, which was consistent with the Act's express contemplation that the petition be filed in the trial court. *Id.* (citing 725 ILCS 5/122-1 (West 2014)).

¶ 25 In *Baller*, 2018 IL App (3d) 160165, the Third District followed *Munson* and remanded the matter to the circuit court. One justice dissented, reasoning as follows:

"The *Munson* court's train jumped the tracks in paragraph 10. [Citation.] It simply asserted that to review the record to evaluate whether the trial court's error prejudiced defendant involved an exercise of supervisory authority. It never discussed why that is so. The *Munson* court noted, 'Notably, Illinois Supreme Court Rule 615 does not provide the appellate court with the power to conduct a *de novo* hearing on defendant's motion for leave to file a successive postconviction petition.' [Citation.] There is nothing novel or unique about affirming the trial court in this case without remand, notwithstanding the trial court's error below. We do it all the time. Again, this has nothing to do with supervisory authority but, rather, with our license to affirm for any

reason apparent in the record. I need not cite any case authority for the notion that '*de novo*' is an oft-used standard of review in the appellate court. In plain English, the trial court reviewed and denied defendant's motion for leave to file his successive postconviction petition. The trial court erred in allowing the State to participate in that decision. Notwithstanding the error, the ultimate judgment of the trial court was correct. We should affirm. We do this thousands of times a year in cases not involving successive postconviction petitions. There is nothing about a successive postconviction petition that would take it out of the realm of garden-variety appellate review. That portion of the *Munson* court's ruling, holding that affirming without remand involves exercise of supervisory authority, appears to be an anomaly in Illinois jurisprudence. As in *Bailey*, the error below was harmless." *Id.* ¶ 29 (Schmidt, J., dissenting).

¶ 26    In response to Justice Schmidt's dissent, Justice Wright, the author of the lead opinion, again emphasized the supreme court's broad supervisory authority granted to it by the Illinois Constitution. *Id.* ¶ 12 (opinion of Wright, J.). She noted the State's entire seven-page brief argued the defendant had failed to establish cause and prejudice. *Id.* ¶ 15. She found the procedural posture of the case created an exception to the general principle that an appellate court may affirm on any basis found in the record. *Id.* ¶ 16. Further, she reasoned as follows:

> "The supreme court has expressly held that the Act is entirely a creature of statute and all rights derive only from the statute. [Citation.] Further, the supreme court has expressly held that review of a motion for leave to file a successive postconviction petition must be conducted in a venue free from State participation. [Citation.] The only way to honor these holdings is to reset the scales of justice and remand the matter to the trial court for an independent evaluation of defendant's motion by expressly ignoring the State's input as expressed both in this court and the trial court." *Id.*

¶ 27    In *Partida*, 2018 IL App (3d) 160581, ¶¶ 9, 12, the Third District followed *Munson* and *Baller* and remanded the matter to the circuit court for an independent determination of cause and prejudice. The *Partida* court, however, added little to the Third District's reasoning in *Munson* and *Baller*.

¶ 28    We note that one panel of the Third District rejected the reasoning set forth in *Munson* and *Baller*. See *People v. Coffey*, 2020 IL App (3d) 160427. In *Coffey*, the court found *Munson* and *Baller* "were incorrectly decided insofar as they held that remand was *required*." (Emphasis in original.) *Id.* ¶ 26. The *Coffey* court nevertheless chose to remand the matter to the circuit court for an independent determination of cause and prejudice. *Id.* ¶ 27.

¶ 29    We also note the Third District's contrary decision in *People v. Lusby*, 2018 IL App (3d) 150189. In *Lusby*, the defendant appealed the denial of a motion for leave to file a successive petition in which he argued his *de facto* life sentence imposed on a crime he committed as a juvenile violated his eighth amendment rights because the circuit court did not consider his age and its attendant characteristics in accordance with *Miller v. Alabama*, 567 U.S. 460 (2012). *Lusby*, 2018 IL App (3d) 150189, ¶ 1. Despite the State's improper involvement at the cause-and-prejudice stage, the *Lusby* court first addressed the defendant's substantive claim, found defendant was entitled to relief, and remanded for resentencing. *Id.* ¶ 29. Noting this finding was dispositive (*id.*), it nevertheless found the State's participation was improper under *Bailey*

without addressing its prior holdings in *Munson* and *Baller* that remand is required when the State improperly participates at the cause-and-prejudice stage. *Id.* ¶ 33.[4]

¶ 30　　In *People v. Conway*, 2019 IL App (2d) 170196, ¶ 15, the Second District rejected the Third District's conclusion that remand is required when the State improperly participates at the cause-and-prejudice stage of successive postconviction proceedings as set forth in *Munson*, *Baller*, and *Partida*. The court disagreed with the *Munson* and *Baller* courts' assertions that the *Bailey* court's review of the denial of the defendant's motion for leave was an exercise of its supervisory authority, finding "[t]he *Bailey* court never suggested that it was exercising its supervisory authority when it considered whether the defendant was entitled to file a successive petition." *Id.* Rather, the *Bailey* court's decision to consider that question "was rooted in considerations of judicial economy," which apply with equal force in the appellate court. *Id.* In rejecting the defendant's contention that the supreme court need not announce when it is exercising its supervisory authority, the court found it "certainly would expect the *Bailey* court to have alerted us to such an important limitation on its decision." *Id.* ¶ 16. Further, the court noted the *Munson* and *Baller* courts' assumption that the *Bailey* court exercised its supervisory authority was inconsistent with its standards for doing so. *Id.* The court noted the supreme court has stated it exercises its supervisory authority only under exceptional circumstances, where (1) the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice or (2) intervention is necessary to keep an inferior court or tribunal from acting beyond the scope of its authority. *Id.* (citing *Vasquez Gonzalez v. Union Health Service, Inc.*, 2018 IL 123025, ¶ 17).

¶ 31　　Further, the *Conway* court rejected the *Munson* court's assertion that Rule 615 prohibited the appellate court from reviewing the defendant's motion for leave to file a successive postconviction petition. *Id.* ¶ 19. In doing so, the court noted the State simply requested that it affirm the circuit court's judgment, which is plainly permitted by Rule 615(b). *Id.* As to Justice Wright's observation in *Baller* that the Act is entirely a creature of statute from which all rights are derived, the *Conway* court "fail[ed] to see how appellate review of the determination of cause and prejudice create[d] any new right." *Id.* ¶ 20.

¶ 32　　The *Conway* court did not read *Bailey* to hold a reviewing court must always undertake its own review of whether a defendant is entitled to file a successive petition. *Id.* ¶ 23. Rather, it found that where that determination presents complex issues, "a reviewing court may choose to remand to the trial court for a determination that is free from the taint of the State's participation." *Id.* It found in the case before it, however, the issues were reasonably straightforward and, therefore, chose to consider whether the defendant was entitled to leave to file his successive petition. *Id.*

¶ 33　　In *People v. Ames*, 2019 IL App (4th) 170569, ¶ 23, the Fourth District followed *Conway* and held "an appellate court may choose for the sake of judicial economy to review a circuit court's denial of a motion for leave to file a successive postconviction petition when the State has been involved." In that case, the court found the issues reasonably straightforward and chose to review whether defendant's motion for leave established cause and prejudice. *Id.*

---

[4]In January 2019, the supreme court granted the State's petition for leave to appeal (*People v. Lusby*, 2018 IL App (3d) 150189, *appeal allowed*, No. 124046 (Ill. Jan. 31, 2019)), and oral arguments were heard on May 12, 2020.

- 8 -

¶ 34 After reviewing *Bailey* and the subsequent appellate court cases, we agree with the Second and Fourth Districts' approach and find the *Conway* court's reasoning persuasive. Thus, we find that this court may choose in the interest of judicial economy to review a circuit court's denial of a motion for leave to file a successive postconviction petition when the State has been involved in the proceedings below.

¶ 35 In reaching this conclusion, we are not persuaded by defendant's reliance on *People v. Jolly*, 2014 IL 117142, in support of his argument that the supreme court has found remand is appropriate in other contexts in which the State has improperly participated. In *Jolly*, the supreme court held remand is appropriate where there is adversarial participation by the State in a preliminary *Krankel* inquiry. *Id.* ¶ 46. *Jolly* is distinguishable because the State's improper participation in the *Krankel* inquiry impeded the development of a proper record for appellate review, which is the sole purpose of such an inquiry. That concern is of no consequence in this context. The only parts of the record that are relevant to our review are the motion for leave and the petition itself. See *Conway*, 2019 IL App (2d) 170196, ¶ 22 (rejecting argument that *Jolly* supports remand as proper remedy for the State's improper participation at the cause-and-prejudice stage).

¶ 36 Defendant also argues, in *Bailey*, the supreme court used language of discretion in reviewing the merits of the defendant's petition. Defendant cites the concluding paragraph of *Bailey*, in which the court stated "in the interest of judicial economy, *we have chosen* to review defendant's motion in lieu of remanding the matter to the circuit court." (Emphasis added.) *Bailey*, 2017 IL 121450, ¶ 49. Citing *Burnette v. Terrell*, 232 Ill. 2d 522 (2009), *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593 (2008), and *Dornfeld v. Julian*, 104 Ill. 2d 261 (1984), defendant argues the supreme court routinely uses similar language when exercising its supervisory authority.

¶ 37 We are not persuaded. In each of the cases cited by defendant, the supreme court used language of discretion but also specifically stated it was acting pursuant to its supervisory authority. See *Burnette*, 232 Ill. 2d at 525 ("[W]e choose to resolve the controversy by exercising this court's supervisory authority in the form of a supervisory order."); *County of Du Page*, 231 Ill. 2d at 619 ("[W]e choose to exercise our supervisory authority and vacate the appellate court order ***."); *Dornfeld*, 104 Ill. 2d at 265 ("[W]e choose to retain this cause under the supervisory authority granted to this court by the Illinois Constitution [citation].").  Moreover, as noted above, our colleagues in the Second District aptly pointed out that the supreme court's exercise of its supervisory authority is reserved for extraordinary circumstances where the normal appellate process will not afford adequate relief or where intervention is necessary to keep an inferior court or tribunal from acting beyond the scope of its authority. *Conway*, 2019 IL App (2d) 170196, ¶ 16 (citing *Vasquez Gonzalez*, 2018 IL 123025, ¶ 17). Defendant has pointed to nothing in *Bailey* that indicates the supreme court found the case presented extraordinary circumstances. Further, we, like the *Conway* court, believe the supreme court would have expressly alerted us to the fact it was exercising its supervisory authority had it in fact done so.

¶ 38 The issues involved in this case require nothing more than a straightforward application of the cause-and-prejudice test and principles of *res judicata*. Therefore, in the interest of judicial economy, we elect to address whether the circuit court properly denied defendant leave to file his successive petition and whether the circuit court properly dismissed the petition pursuant to section 2-1401 of the Code.

¶ 39    We note defendant does not argue the circuit court erred in its substantive evaluation of his petition. In any event, it is well settled the doctrine of *res judicata* bars relitigation of claims that were previously decided. *Bagnola v. SmithKline Beecham Clinical Laboratories*, 333 Ill. App. 3d 711, 717 (2002). Here, the claims in defendant's petition are clearly barred by the doctrine of *res judicata*. Our careful review of the record shows that defendant has previously raised each and every one of the claims set forth in his petition. See *Conway*, 2019 IL App (2d) 170196, ¶ 25 ("There can be no cause for failing to raise a claim in the initial proceeding when the claim was, in fact, raised ***."); *Ames*, 2019 IL App (4th) 170569, ¶ 24 (claims that have been raised previously cannot be raised in a successive petition); *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 21 (claims previously raised on direct appeal or in other collateral proceedings cannot be the basis of a section 2-1401 petition). Accordingly, we conclude the circuit court properly denied defendant leave to file his successive postconviction petition and properly dismissed it under section 2-1401, notwithstanding the State's improper participation in the proceedings below. We, therefore, affirm the circuit court's judgment.

¶ 40                                  CONCLUSION

¶ 41    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 42    Affirmed.