**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190767-U

Order filed October 7, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0767 Circuit No. 07-CF-697 |
| DAVID ALEXANDER, | ) ) ) | Honorable Paul P. Gilfillan, |
| Petitioner-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices Daugherity and O'Brien concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Petitioner's motion for leave to file a successive postconviction petition failed to establish prejudice under the Post-Conviction Hearing Act.

¶ 2    David Alexander, petitioner, appeals from a judgment of the circuit court denying his motion for leave to file a successive postconviction petition. On appeal, petitioner argues the circuit court erred.

¶ 3                                    I. BACKGROUND

¶ 4        In 2007, the State charged petitioner by indictment with first degree murder pursuant to section 9-1(a)(2) of the Criminal Code of 1961. 720 ILCS 5/9-1(a)(2) (West 2006). The State alleged that on or about June 23, 2007, petitioner stabbed the victim with a knife, thereby causing the victim's death.

¶ 5        Prior to trial, the defense gave notice of its intent to assert the affirmative defense of self-defense. Thereafter, the State made an oral motion *in limine*, seeking to prohibit the defense from presenting the victim's 1994 convictions, one related to promoting juvenile prostitutes and the other for aggravated criminal sexual abuse (1994 convictions). The defense objected to the State's oral motion *in limine* on the grounds that the 1994 convictions supported petitioner's position that he acted in self-defense, due to the victim's propensity for violence.

¶ 6        The court granted the State's oral motion *in limine* by barring the evidence of the victim's 1994 convictions on the grounds that the 1994 convictions did not qualify as crimes of violence. At trial, the defense introduced certified copies of the victim's 2001 domestic battery conviction and the victim's 2003 disorderly conduct conviction.

¶ 7        During the defense's closing argument, defense counsel argued that petitioner acted in self-defense. In support of this argument, defense counsel stated that the victim's propensity for violence was demonstrated by the victim's 2001 and 2003 criminal convictions, which were consistent with petitioner's argument that the victim was the initial aggressor. Ultimately, the jury found petitioner guilty of first degree murder. The court sentenced petitioner to 35 years' imprisonment.

¶ 8        On direct appeal, this court affirmed petitioner's conviction in *People v. Alexander*, 391 Ill. App. 3d 419 (2009).[1] In October 2012, petitioner filed a *pro se* postconviction petition. The circuit court dismissed the *pro se* petition on August 19, 2015. This court affirmed the dismissal of the petition in *People v. Alexander*, No. 3-07-0915 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)(2)). In November 2018, petitioner filed a *pro se* successive postconviction petition. The circuit court dismissed petitioner's successive postconviction petition on the grounds that petitioner filed the successive petition without first obtaining leave of court.

¶ 9        Thereafter, on September 6, 2019, petitioner filed the *pro se* motion for leave to file a successive postconviction petition (2019 motion for leave) that is the subject of this appeal. In the 2019 motion for leave, petitioner did not assert actual innocence, but claimed he could demonstrate cause and prejudice for failing to raise the issue pertaining to the victim's 1994 convictions in prior proceedings. Petitioner attached an affidavit in support of the 2019 motion for leave. Petitioner's affidavit averred that the instant claim could not have been raised at an earlier time because he did not discover the basis of the claim until June of 2019. Petitioner alleged he discovered new information on May 28, 2019, when the Peoria Police Department forwarded petitioner various records. Petitioner attached the records provided by the Peoria Police Department in 2019, to his 2019 motion for leave. These records generally documented the Peoria Police Department's investigation of incident No. 94-00009474, which took place in March 1994. The victim's 1994 convictions arose from the investigation of this incident. During the investigation of this incident, a female complainant stated that the "[the victim] had beaten

---

[1]We note that this court's initial affirmance of petitioner's conviction was subject to multiple supervisory orders from the supreme court, as well as multiple reconsiderations and affirmances by this court. See *People v. Alexander*, 408 Ill. App. 3d 994, 995 (2011).

3

her last night." The investigation appears to have also resulted in a domestic battery charge that was ultimately dismissed.

¶ 10    Petitioner alleged that the police reports and/or investigative notes illustrate that the victim's 1994 crimes were violent in nature.[2] Thus, petitioner argued in the circuit court that the improper exclusion of the 1994 crimes resulted in a conviction and a sentence that violated due process.

¶ 11    On November 22, 2019, the court denied petitioner's 2019 motion for leave, finding petitioner could establish neither cause nor prejudice. The court reasoned that "reference to this issue was clearly available and known to all at the time of trial. Nowhere is it established that the prior arrest records of the victim were in the State's possession or required to be turned over to the defense prior to trial." The court further stated that "the fact that [petitioner] just received in 2019 the underlying police reports from the victim's arrest in 1994 does not establish that [petitioner] was diligent in obtaining the same, even if they would have been admissible at trial." Petitioner appeals.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, petitioner argues the court erred by denying his 2019 motion for leave. The State asserts that the court properly denied petitioner's 2019 motion for leave where petitioner failed to establish either cause or prejudice.

¶ 14    Section 122-1(a)(1) of the Post-Conviction Hearing Act (the Act) provides that imprisoned persons may institute a proceeding under the Act if the imprisoned person files a petition asserting that "in the proceedings which resulted in his or her conviction there was a

---

[2]Petitioner's 2019 motion for leave alleged the State presented perjured testimony to secure his conviction during its oral motion *in limine* prior to petitioner's trial. On appeal, petitioner concedes the characterization of his allegations as "perjury" was not legally accurate.

4

substantial denial of his or her rights under the Constitution of the United States or the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2018). The Act contemplates the filing of a single petition. *People v. Coleman*, 2013 IL 113307, ¶ 81. However, the bar against filing successive postconviction petitions under the Act is relaxed where the petitioner can establish cause and prejudice for his or her failure to assert a new postconviction claim in an earlier proceeding. *People v. Robinson*, 2020 IL 123849, ¶ 42. However, prior to filing a successive postconviction petition, a petitioner must request and receive leave of the circuit court. *Id.*, ¶ 43.

¶ 15    Section 122-1(f) of the Act provides that "[l]eave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2018). In this context, a prisoner must show (1) "cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings;" and (2) "prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* Ultimately, the cause and prejudice determinations are questions of law to be decided on the pleadings and the supporting documentation submitted to the court by petitioner. *People v. Bailey*, 2017 IL 121450, ¶ 24.

¶ 16    We begin by considering the prejudice prong. During closing arguments, defense counsel emphasized that the victim's 2001 domestic battery conviction and the victim's 2003 disorderly conduct conviction, which were undisputedly close in time to the pending murder charges, established the victim's propensity for violence. Our careful review of the record reveals that the jury received certified copies of the 2001 and 2003 convictions. Therefore, the jury was aware of the victim's prior criminal record, which included recent crimes of violence. Hence, we conclude

5

the 1994 convictions would have merely been cumulative of the victim's 2001 and 2003 convictions. *People v. Ortiz*, 235 Ill. 2d 319, 335 (2009). (Evidence is considered cumulative when it adds nothing to what was already before the jury). Therefore, we are not persuaded that petitioner's 2019 motion for leave established the prejudice necessary for the circuit court to grant petitioner leave to file a successive postconviction petition.

¶ 17 For these reasons, we hold that petitioner failed to establish prejudice in the context of the Act. Based on our holding that petitioner failed to demonstrate prejudice, we need not address petitioner's claims of cause.

¶ 18       III. CONCLUSION

¶ 19 The judgment of the circuit court of Peoria County is affirmed.

¶ 20 Affirmed.