NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190401-U

NOS. 4-19-0401, 4-19-0402 cons.

FILED
July 28, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CHARLES HAMILTON, | ) | Nos.   11CF989 |
| Defendant-Appellant. | ) | 11TR27250 |
| | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding defendant's various *pro se* contentions of error were either meritless or forfeited.

¶ 2   Defendant, Charles Hamilton, appeals *pro se* from the trial court's judgment denying him leave to file a successive postconviction petition in both his felony case, Champaign County case No. 11-CF-989 (docketed in this court as case No. 4-19-0401), and his traffic case, Champaign County case No. 11-TR-27250 (docketed in this court as case No. 4-19-0402). Defendant's appeals have been consolidated for review. On appeal, defendant argues he should have been granted (1) leave to file a successive postconviction petition, (2) the issuance of a subpoena, and (3) a hearing on alleged inaccuracies in the trial transcripts. Defendant also complains about the alleged refusal by the clerk of this court to send him the common law record. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            In November 2011, the State charged defendant in Champaign County case No. 11-TR-27250 with driving with a suspended license and in Champaign County case No. 11-CF-989 with unlawful possession of cannabis with intent to deliver (more than 5000 grams) (720 ILCS 550/5(g) (West 2010)) (count I), unlawful possession of cannabis (more than 5000 grams) (720 ILCS 550/4(g) (West 2010)) (count II), and cannabis trafficking (more than 2500 grams) (720 ILCS 550/5.1(a) (West 2010)) (count III). All of the charges arose out of the same underlying factual circumstances.

¶ 5            In March 2013, the trial court held a consolidated jury trial on defendant's felony and traffic cases. The State presented evidence showing, on November 6, 2011, a police officer observed defendant driving in Illinois and initiated a traffic stop during which defendant presented a suspended Florida driver's license. A large amount of cannabis was then discovered during a search of the auxiliary fuel tank of defendant's vehicle. At the conclusion of the trial, the jury found defendant guilty of each charged offense.

¶ 6            In April 2013, the trial court held a consolidated sentencing hearing. The trial court merged counts I and II with count III and then sentenced defendant to 22 years in prison on count III. With respect to the offense of driving with a suspended license, the court stated it would "order court costs and a conviction" with "[n]o other penalty or sentence." Defendant appealed from the sentence imposed against him in his felony case.

¶ 7            In February 2015, this court affirmed defendant's sentence in his felony case, concluding he waived his contentions of error. *People v. Hamilton*, 2015 IL App (4th) 130612-U, ¶ 29. Defendant filed a petition for leave to appeal.

¶ 8            In March 2015, defendant filed a *pro se* postconviction petition in his felony case.

¶ 9        In May 2015, the supreme court denied defendant's petition for leave to appeal but issued a supervisory order directing this court to vacate our judgment and remand the matter for the trial court to make a factual determination of whether a Georgia conviction at issue during defendant's sentencing hearing was attributable to defendant, and if not, whether the 22-year prison sentence remained the appropriate sentence for defendant. *People v. Hamilton*, No. 119018 (Ill. May 27, 2015) (supervisory order).

¶ 10        In June 2015, the trial court summarily dismissed defendant's postconviction petition in his felony case. Defendant appealed.

¶ 11        In July 2015, this court vacated the judgment affirming defendant's sentence in his felony case and remanded the matter in accordance with the supreme court's directions.

¶ 12        In March 2016, this court dismissed defendant's appeal from the summary dismissal of his postconviction petition in his felony case, finding defendant failed to comply with Illinois Supreme Court Rule 341 (eff. Feb. 6, 2013). *People v. Hamilton*, 2016 IL App (4th) 150535-U, ¶ 14. Defendant filed a petition for leave to appeal. That same month, the trial court held a hearing pursuant to this court's remand and reduced defendant's sentence in his felony case to 19 years in prison. Defendant filed a *pro se* motion for reconsideration or reduction of sentence.

¶ 13        In May 2016, the supreme court denied defendant's petition for leave to appeal from this court's dismissal of defendant's appeal from the summary dismissal of his postconviction petition in his felony case. See Ill. S. Ct. R. 315 (eff. Mar. 15, 2016).

¶ 14        In June 2016, the trial court denied defendant's motion for reconsideration or reduction of sentence. Defendant appealed, citing both his felony and traffic cases.

¶ 15        In August 2016, this court, on defendant's motion, entered an order dismissing defendant's appeal in his traffic case.

¶ 16        In February 2017, defendant filed a *pro se* postconviction petition in his traffic case.

¶ 17        In May 2017, this court dismissed defendant's appeal from the sentence rendered in his felony case following our remand, finding defendant failed to comply with Illinois Supreme Court Rule 341 (eff. Feb. 6, 2013). *People v. Hamilton*, 2017 IL App (4th) 160464-U, ¶ 19. That same month, the trial court summarily dismissed defendant's postconviction petition in his traffic case. Defendant appealed.

¶ 18        In September 2018, this court affirmed the summary dismissal of defendant's postconviction petition in his traffic case, finding defendant's claims were frivolous and patently without merit. *People v. Hamilton*, 2018 IL App (4th) 170398-U, ¶ 18. Defendant filed a petition for leave to appeal.

¶ 19        In February 2019, defendant filed a *pro se* motion for leave to file a successive postconviction petition in both his felony and traffic cases. Defendant asserted the bar to filing a successive postconviction petition should be relaxed, in part, because "new evidence has come to light that taints the entire judicial process in this case." Defendant attached to his motion a successive postconviction petition, a motion requesting the issuance of a subpoena, and a motion requesting a hearing on alleged inaccuracies in the trial transcripts. In the successive postconviction petition, defendant asserted, in part, a due process violation occurred when two eleventh circuit judges issued rulings in his cases. Specifically, defendant alleged the judges should not have issued rulings in the same case given their judicial misconduct. In support of that allegation, defendant attached as an exhibit to the petition a July 24, 2014, news article which discussed a misconduct complaint filed against the two judges.

¶ 20        In May 2019, the supreme court denied defendant's petition for leave to appeal from this court's affirmance of the summary dismissal of his postconviction petition in his traffic

case. See Ill. S. Ct. R. 315 (eff. Mar. 15, 2016). That same month, the trial court denied defendant leave to file a successive postconviction petition in his felony and traffic cases.

¶ 21　　　　In June 2019, defendant filed a motion to reconsider. That same month, the trial court denied defendant's motion.

¶ 22　　　　This appeal followed.

¶ 23　　　　　　　　　　　II. ANALYSIS

¶ 24　　　　On appeal, defendant argues he should have been granted (1) leave to file a successive postconviction petition, (2) the issuance of a subpoena, and (3) a hearing on alleged inaccuracies in the trial transcripts. Defendant also complains about the alleged refusal by the clerk of this court to send him the common law record. Related to the latter, defendant has also filed supplemental motions requesting this court to take judicial notice that he received a copy of the common law record after he had filed his initial brief in this case and that the record was "missing 1094 pages."

¶ 25　　　　　A. Leave to File a Successive Postconviction Petition

¶ 26　　　　Defendant argues he should have been granted leave to file a successive postconviction petition because he satisfied the cause-and-prejudice test as it relates to his due process claim. The State disagrees. We review the trial court's denial of defendant's motion for leave to file a successive postconviction *de novo*. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 11.

¶ 27　　　　The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2018)) contemplates the filing of only one postconviction petition, and any claim not raised in the initial petition is deemed forfeited. *People v. Bailey*, 2017 IL 121450, ¶ 24, 102 N.E.3d 114. One of the circumstances where the statutory bar against successive postconviction petitions will be relaxed is "when a [defendant] can establish 'cause and prejudice' for the failure to raise [a] claim earlier."

- 5 -

*People v. Edwards*, 2012 IL 111711, ¶ 22, 969 N.E.2d 829. The cause-and-prejudice test is set forth in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2018)):

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

In evaluating a motion for leave to file a successive postconviction petition, the court is conducting "a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. The court is to ascertain "whether defendant has made a *prima facie* showing of cause and prejudice." *Id.*

¶ 28 After examining defendant's motion for leave to file a successive postconviction petition and the accompanying successive postconviction petition and its attachments, we find defendant has failed to make a *prima facie* showing of cause as it relates to his due process claim. Defendant's due process claim is based on the allegation two judges should not have ruled on matters in his cases given their judicial misconduct. To support that allegation, defendant relies

upon a July 24, 2014, news article which discussed a misconduct complaint filed against the two judges. That article, however, was available prior to the initial postconviction proceedings in both defendant's felony and traffic cases. Defendant's failure to discover the published article sooner cannot serve as cause to excuse his failure to raise the claim earlier. Based on the arguments presented, we find no error in the trial court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 29                              B. The Issuance of a Subpoena and a Hearing on
                                    Alleged Inaccuracies in the Trial Transcripts

¶ 30          Defendant argues he should have been granted the issuance of a subpoena and a hearing on alleged inaccuracies in the trial transcripts. Defendant's arguments, however, lack citation to any supporting legal authority. Absent the citation to any supporting legal authority, defendant has forfeited his arguments. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (requiring argument to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities ***"); *Grant v. Dimas*, 2019 IL App (1st) 180799, ¶ 34 ("Arguments unsupported by citation to legal authority are considered as forfeited on appeal.").

¶ 31                              C. The Alleged Refusal to Send the Common Law Record
                                    and Defendant's Motions for Judicial Notice

¶ 32          Defendant argues the clerk of this court erred when she refused to send him the common law record. Defendant's argument, however, is refuted by the record. Defendant also asks, in his supplemental motions, this court to take judicial notice that he received a copy of the common law record after he had filed his initial brief and that the record was "missing 1094 pages." Other than his requests to take judicial notice, defendant does not request any other relief or explain how he was prejudiced by the alleged lack of a complete record. Given the relief requested and the lack of apparent prejudice, we deny defendant's supplemental motions.

¶ 33                                III. CONCLUSION

¶ 34        We affirm the trial court's judgment.

¶ 35        Affirmed.