NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190407-U

NOS. 4-19-0407, 4-19-0408 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 24, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| SALIH AKO BAKER, | ) | Nos. 14CF1014 |
| Defendant-Appellant. | ) | 14CF1047 |
| | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

---

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court reversed the trial court's dismissal of defendant's
postconviction petitions and remanded for a third-stage hearing.

¶ 2         In September 2014, the State charged defendant, Salih Ako Baker, with

aggravated battery (720 ILCS 5/12-3.05(c) (West 2014)), battery (*id.* § 12-3(a)(1)), possession of

a controlled substance (720 ILCS 570/402(c) (West 2014)), and resisting a peace officer (225

ILCS 740/13 (West 2014)).

¶ 3         In August 2016, as part of a negotiated plea agreement, defendant pleaded guilty

to aggravated battery and possession of a controlled substance in exchange for a sentence of

three years and one year, respectively, with the sentences to run consecutively. The State

dismissed the remaining charges. In September 2016, the trial court sentenced defendant in

accordance with the plea agreement and gave defendant credit for 716 days in jail.

¶ 4         In December 2017, defendant *pro se* filed two petitions pursuant to the

Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1 (West 2016)) raising several claims, including ineffective assistance of counsel. The trial court advanced the petitions to the second stage, but defendant opted to represent himself. Defendant filed amended petitions in October 2018 and April 2019. Defendant alleged, in relevant part, that his counsel was ineffective because counsel advised defendant he would receive five months of additional pretrial credit for completing a "moral reconation therapy" (MRT) program.

¶ 5        In April 2019, the State filed a motion to dismiss the petitions, arguing that defendant could not show prejudice because he failed to present a claim of actual innocence or a valid defense to the charges. In June 2019, the trial court conducted a hearing on the State's motions. The court dismissed defendant's petitions because (1) he failed to state a claim of actual innocence or a valid defense and (2) defendant was not entitled to MRT credit because McLean County's MRT program was part-time, not the full-time program required by statute. See 730 ILCS 5/3-6-3(a)(4) (West 2016).

¶ 6        Defendant appeals, arguing the trial court should have advanced his petitions to a third-stage evidentiary hearing. We agree, reverse the trial court's judgments, and remand for further proceedings.

¶ 7                        I. BACKGROUND

¶ 8                A. Pretrial Proceedings and Guilty Plea

¶ 9        In September 2014, the State charged defendant in two separate cases as follows: count 1, aggravated battery (720 ILCS 5/12-3.05(c) (West 2014)); count 2, battery (*id.* § 12-3(a)(1)); count 1, possession of a controlled substance (720 ILCS 570/402(c) (West 2014)); and count 2, resisting a peace officer (225 ILCS 740/13 (West 2014)).

¶ 10        In August 2016, as part of a negotiated plea agreement, defendant pleaded guilty

to aggravated battery and possession of a controlled substance in exchange for a sentence of three years and one year, respectively, with the sentences to run consecutively. The State dismissed the remaining charges. Prior to defendant's plea, the trial court admonished him that he could be sentenced to probation, jail, or between two and five years in prison for aggravated battery and he could be sentenced to probation, jail, or between one and six years for possession of a controlled substance. The court explained to defendant that because he committed the possession offense while he was on bond in the other case, the sentences were required to be served consecutively. Defendant was eligible for day-for-day good time credit.

¶ 11　　　　　The trial court also explained that defendant would receive pretrial credit only once. In other words, if defendant spent a week in jail, he would receive credit for only one week, not one week for each case (*i.e.* two weeks total). Defendant replied that he understood. The count found defendant's guilty plea to be knowing and voluntary and continued the case for sentencing.

¶ 12　　　　　In September 2016, the trial court conducted a sentencing hearing. Prior to sentencing, defendant moved the court to stay his transportation to the Illinois Department of Corrections so his mother could visit him in jail. Defendant reported that she had terminal cancer and could not arrange for transportation earlier than the next week. Defendant further stated that he had been recently sentenced in a Cook County case and explained as follows:

> "The only reason she's coming is because we know that I'm going to have to do another two years additionally in Illinois Department of Corrections and I know for a fact she's not going to make it to see me there. And there is a strong possibility I might not see her, she may not be around when I get out after I finish the two years."

¶ 13  The State clarified that defendant was sentenced in August 2016 to six years in prison for a criminal case in Cook County to be served at 85%. Defendant said, "That's what I'm saying, I'm going to be going for another two years ***." The court explained it had no control over when defendant was transferred to the Illinois Department of Corrections and denied the motion. The court then sentenced defendant to an aggregate term of four years in prison in accordance with the plea agreement. The court gave defendant credit for 716 days served in his aggravated battery case and 607 days served for possession of a controlled substance.

¶ 14        B. The Postconviction Petitions

¶ 15  In December 2017, defendant *pro se* filed a postconviction petition in each of his criminal cases, arguing, in relevant part, that he received ineffective assistance of counsel because his trial counsel told him he would receive five months of pretrial credit for completing the MRT program while in jail. In an affidavit, defendant averred that he would not have accepted the plea agreement and would have insisted on going to trial had he known that he would not receive the additional five months' credit.

¶ 16  The trial court advanced the petitions to the second stage and appointed counsel. Eventually, defendant opted to forgo appointed counsel and decided to represent himself. He filed amended petitions in October 2018 and April 2019 alleging substantially similar claims.

¶ 17  In April 2019, the State filed a motion to dismiss in each case, arguing that defendant's petitions should be dismissed because he failed to demonstrate prejudice. The State asserted that defendant's bare allegation that he would have insisted on going to trial was insufficient. Instead, defendant was required to set forth a claim of actual innocence or a valid defense to demonstrate prejudice. Because defendant had not attempted to do so, the State argued his petitions should be dismissed. The State further contended that defendant was not entitled to

MRT credit because McLean County's MRT program was part-time, not the full-time program required by statute. See 730 ILCS 5/3-6-3(a)(4) (West 2016).

¶ 18　　　　In June 2019, the trial court conducted a hearing on the State's motions to dismiss. The court agreed with the State that for defendant to show prejudice "the claim must be accompanied by a claim of innocence or the articulation of a plausible defense that could have been raised at trial." Defendant had not done either. Regarding defendant's claim of not receiving five months' credit, the court stated that "as 730 ILCS 5/3-6-3(a)4 points out, [the MRT program] does have to be a full-time program, and our program was not a full-time program when it was being offered." Accordingly, the trial court granted the State's motions and dismissed defendant's petitions.

¶ 19　　　　Defendant appealed and we consolidated the cases for resolution.

¶ 20　　　　　　　　　　II. ANALYSIS

¶ 21　　　　Defendant appeals, arguing the trial court should have advanced his petitions to a third-stage evidentiary hearing. We agree, reverse the trial court's judgments, and remand for further proceedings.

¶ 22　　　　　　　A. The Standard of Review and Applicable Law

¶ 23　　　　　　　1. *Proceedings Pursuant to the Post-Conviction Hearing Act*

¶ 24　　　　The Act provides a criminal defendant the means to redress substantial violations of his constitutional rights that occurred in his original trial or sentencing. *People v. Bailey*, 2017 IL 121450, ¶ 17, 102 N.E.3d 114; 725 ILCS 5/122-1 (West 2018). The Act contains a three-stage procedure for relief. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615; 725 ILCS 5/122-2.1 (West 2016). At the second stage, the trial court appoints counsel who must then investigate defendant's claims and make any amendments necessary for an adequate presentation of

defendant's contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). The State may file a motion to dismiss the petition, and the petition advances to a third-stage evidentiary hearing only if defendant makes a "substantial showing of a constitutional violation." *People v. Buffer*, 2019 IL 122327, ¶ 45, 137 N.E.3d 763.

¶ 25        The Illinois Supreme Court has described proceedings at the second stage as follows:

> "The second stage of postconviction review tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true, and the question is whether those allegations establish or 'show' a constitutional violation. In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767.

The appellate court reviews a trial court's dismissal of a petition at the second stage *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31, 47 N.E.3d 237.

¶ 26                    2. *Ineffective Assistance of Plea Counsel*

¶ 27        To establish a claim of ineffective assistance of guilty-plea counsel, the defendant must show that counsel's performance (1) fell below an objective standard of reasonableness and (2) was prejudicial. *People v. Brown*, 2017 IL 121681, ¶ 25, 102 N.E.3d 205. A defendant's failure to satisfy either prong negates a claim of ineffective assistance of counsel. *People v. Jackson*, 2020 IL 124112, ¶ 91; see also *People v. Palmer*, 162 Ill. 2d 465, 475, 643 N.E.2d 797,

801 (1994) (holding the same with respect to guilty pleas).

¶ 28        "[A] defendant may attack the *knowingness* or *intelligence* of the guilty plea by showing that the advice defense counsel gave, and upon which the defendant relied in pleading guilty, was not within the range of competence demanded of attorneys in criminal cases." (Emphasis in original.) *People v. Watkins*, 2019 IL App (4th) 180605, ¶ 30, 145 N.E.3d 450. To establish prejudice, a defendant " 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). When the claim relates to advice concerning the consequences of a plea, a petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." (Internal quotation marks omitted.) *Id.* ¶ 40.

¶ 29                                B. This Case

¶ 30        Here, the State concedes that defense counsel's performance was deficient but instead maintains that defendant's averment was not enough by itself to demonstrate that his decision to reject the plea would have been rational under the circumstances. We disagree.

¶ 31        As an initial matter, we reject the State's suggestion that this court take judicial notice of defendant's criminal history as stated on the Illinois Department of Corrections website. Regardless of whether such an action would be permissible, the State stipulated to defendant's criminal history as part of its fully negotiated plea. That plea listed three specific prior convictions: (1) 2011 obstruction of justice, (2) 2007 possession of a controlled substance, and (3) 1995 unlawful use of a weapon by a felon. Because there is no contrary evidence in the record, we rely on that stipulation. (We note that the State could present contrary evidence on remand.)

¶ 32　　　　Defendant received 716 days' credit for pretrial incarceration. His aggregate sentence under the plea agreement was four years in prison, and defendant was eligible for day for day credit. Accepting that defense counsel erroneously told defendant that defendant would receive an additional five months of credit, defendant would have been under the impression that, for all intents and purposes, he was agreeing to an aggregate sentence closer to two years in prison. With day for day credit, defendant would have been under the belief that he would be eligible for release within a year.

¶ 33　　　　We note that a sentencing miscalculation of five months may not be significant to a defendant like the one discussed in *Brown*, 2017 IL 121681, ¶ 50, where the possible sentence was over 21 years. But for this defendant, because the actual amount of time he would have to spend in prison was relatively low, five months represents a much greater percentage of the overall sentence. Moreover, defendant was not required to serve time in prison. Although perhaps unlikely, he could have been sentenced to a term of probation, and the minimum sentence he could have received was 3 years and the maximum 11 years. Defendant could have rationally believed that the State would not seek a sentence toward the high end after trial, given the context that it was offering a plea at the low end of the range. (We note that the State can and frequently does seek a longer sentence after trial for a variety of reasons. See *People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 93, 141 N.E.3d 320.)

¶ 34　　　　The State also suggests that it would have been irrational for defendant to go to trial because the State dismissed two of the four charges pending against him. However, those charges were misdemeanors, and at least in the case of the battery charge, it would have merged under the one act one crime doctrine. Further, had defendant been found guilty of the felony offenses at trial, he almost certainly would not have received additional jail time at sentencing

from the misdemeanor offenses. Defendant's primary concern appeared to be the overall length of his sentence. Accepting that as true, as we must at this stage, the State's offer to dismiss two misdemeanor charges likely had little if any effect on defendant's decision to plead guilty.

¶ 35                                III. CONCLUSION

¶ 36            For the reasons stated, we reverse the trial court's judgment dismissing defendant's postconviction petitions and remand for a third-stage evidentiary hearing.

¶ 37            Reversed and remanded.