**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200181-U

Order filed July 14, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0181 Circuit No. 09-CF-426 |
| MICHAEL WILSON, | ) ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justice Wright concurred in the judgment.
Presiding Justice McDade specially concurred.

**ORDER**

¶ 1    *Held*: The circuit court failed to consider defendant's youth and its attendant characteristics before imposing an aggregate sentence of 59 years' imprisonment.

¶ 2    Defendant, Michael Wilson, appeals from the Kankakee County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant asserts that the court erred by denying his motion because he established cause and prejudice. Further, defendant

requests that, if we remand the case, we order the case be assigned to a different judge. We vacate defendant's sentence and remand for a new sentencing hearing.

¶ 3                                          I. BACKGROUND

¶ 4          The State filed a juvenile petition against defendant, who was 14 years old. The State's petition alleged that defendant had committed first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2008)), and armed robbery (*id.* § 18-2(a)). Subsequently, the court granted the State's motion to transfer defendant's case to criminal court, and a grand jury indicted defendant with the charges alleged in the juvenile petition. The cause proceeded to a jury trial.

¶ 5          The trial evidence established that on December 27, 2008, the date of the alleged murder, defendant was 14 years old. On that date, Ryan Graefnitz approached defendant and Byron Moore and asked if they knew where to purchase cocaine. Defendant indicated that he did. Defendant and Moore left in a vehicle with Graefnitz and two other individuals. Following defendant's directions, they arrived at an apartment building. Defendant, Moore, and Graefnitz exited the vehicle and entered the apartment building. An individual announced that a robbery was about to occur, and then several gunshots were fired. Witnesses observed Graefnitz exit the building and collapse and defendant and Moore run from the scene. After fleeing, defendant told a friend that he shot a man that he wanted to rob. Later, an autopsy confirmed that Graefnitz died from gunshot related injuries.

¶ 6          The jury found defendant guilty of first degree murder and the lesser included offense of attempted armed robbery. Additionally, the jury found that defendant did not personally discharge the weapon. In anticipation of sentencing, the court ordered a presentence investigation report (PSI).

2

¶ 7　　　　During the sentencing hearing, the court explained that defendant's PSI was "about an inch-and-a-half to two inches," and within that report, there was no support for defendant's rehabilitative potential. Further, the court noted that defendant was "only 14 years of age" when he committed the offenses. The court indicated the PSI showed defendant had attention deficit hyperactivity disorder, defiance disorder, impulsive behavior, and "mild retardation." The court stated,

> "the problem is when I look at you, even though you're young, the past tells you a lot about the future. And this shows you to be a very dangerous person ***. *** I don't believe that will change. I know you're young. ***
>
> 　*** I do believe you're a danger to society. I believe you will continue to be a danger to society. I'm not sure there's any rehabilitation factor there that you're gonna follow. I guess you can prove me wrong when you are in prison. *** [W]e saw that on the night of December 27th when we heard the facts that, you know, you yelled out that it was gonna be a robbery. *** Graefnitz turns around and runs away. At that point you could have just let him run. Nothing had happened. But you decided to shoot—you and *** Moore decided that you're gonna shoot him in the back and leave him for dead ***."

¶ 8　　　　The court sentenced defendant to 55 years' imprisonment for first degree murder and a consecutive term of 4 years' imprisonment for attempted armed robbery. On direct appeal, we affirmed defendant's convictions. *People v. Wilson*, 2015 IL App (3d) 130606-U, ¶ 69.

¶ 9　　　　On September 26, 2016, defendant filed a postconviction petition. The court summarily dismissed defendant's petition. On appeal, we affirmed the court's summary dismissal. *People v. Wilson*, 2019 IL App (3d) 160679-U, ¶ 24.

3

¶ 10 On March 27, 2020, defendant filed a motion for leave to file a successive postconviction petition. He argued that under *People v. Buffer*, 2019 IL 122327, ¶ 42, his juvenile status at the time of the offenses and his *de facto* life sentence required vacatur and remand for the court to consider the *Miller v. Alabama*, 567 U.S. 460, 477-78 (2012) factors before imposing a *de facto* life sentence. The court denied defendant's motion. Defendant appeals.

¶ 11 II. ANALYSIS

¶ 12 Defendant argues that the circuit court erred in denying his motion for leave to file a successive postconviction petition because he established cause where he could not have brought his claim prior to *Buffer*, 2019 IL 122327, and prejudice because the court's failure to consider his youth and its attendant characteristics at sentencing rendered his *de facto* life sentence unconstitutional. Defendant also asks, if we remand the case, that we order the case be assigned to a different judge.

¶ 13 The Post-Conviction Hearing Act (Act) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2018). The Act contemplates the filing of a single postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 42. A defendant must obtain leave of the court before he may obtain review of a subsequent postconviction petition. 725 ILCS 5/122-1(f) (West 2018); *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010). To obtain leave, defendant must satisfy the cause and prejudice test. *McDonald*, 405 Ill. App. 3d at 135. That is, the defendant must demonstrate "cause" for failing to raise the error in prior proceedings and actual "prejudice" resulting from the claimed error. *Id.* " 'Cause' has been defined as an objective factor that impeded defense counsel's efforts to raise the claim in an earlier proceeding and 'prejudice' has

4

been defined as an error which so infected the entire trial that the defendant's conviction violates due process." *Id.* We review *de novo* the denial of leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 14 Defendant's claim derives from the Supreme Court's holding in *Miller* that mandatory life sentences for a juvenile offender violates the eighth amendment prohibition against cruel and unusual punishment. *Miller*, 567 U.S. at 479. *Miller* requires that before imposing a life sentence on a juvenile, the court shall consider the juvenile's youth and its attendant characteristics. *Id.*

¶ 15 In *People v. Davis*, 2014 IL 115595, ¶ 34, our supreme court determined that *Miller* applies retroactively. In *People v. Reyes*, 2016 IL 119271, ¶¶ 7, 8, our supreme court extended *Miller* to *de facto* life sentences. In *Buffer*, 2019 IL 122327, ¶ 42, our supreme court established a bright-line rule that a sentence greater than 40 years' imprisonment constitutes a *de facto* life sentence. Following *Buffer*, to prevail on a *Miller* claim, "a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Id.* ¶ 27. The sentencing court may impose a *de facto* life sentence " 'only if the trial court determines that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation.' " *People v. Lusby*, 2020 IL 124046, ¶ 34 (quoting *People v. Holman*, 2017 IL 120655, ¶ 46). To make this determination, the court may consider:

> " '(1) the juvenile defendant's chronological age at the time of the offense and any
> evidence of his particular immaturity, impetuosity, and failure to appreciate risks
> and consequences; (2) the juvenile defendant's family and home environment;
> (3) the juvenile defendant's degree of participation in the [offenses] and any

5

evidence of familial or peer pressures that may have affected him; (4) the juvenile defendant's incompetence, including his inability to deal with police officers or prosecutors and his incapacity to assist his own attorneys; and (5) the juvenile defendant's prospects for rehabilitation.' " *Id.* (quoting *Holman*, 2017 IL 120655, ¶ 46).

See also *Miller*, 567 U.S. at 477-78. We "look[ ] back to the trial and the sentencing hearing to determine whether the trial court at that time considered evidence and argument related to the *Miller* factors." *Lusby*, 2020 IL 124046, ¶ 35.

¶ 16 Here, we find that defendant's *Miller*-based sentencing claim satisfied the cause and prejudice test. First, defendant established cause because he could not raise his claim prior to *Miller* and *Buffer*. See *Davis*, 2014 IL 115595, ¶ 42 (noting "*Miller*'s new substantive rule constitutes 'cause' because it was not available earlier"). Second, defendant established prejudice, as our review of the record shows that the court did not to consider defendant's youth and its attendant characteristics when it sentenced defendant to a *de facto* life sentence of 59 years' imprisonment. See *Buffer*, 2019 IL 122327, ¶¶ 27, 40. Given the record's support for defendant's postconviction claim, we find defendant is entitled to postconviction relief. See, *e.g.*, *Davis*, 2014 IL 115595, ¶ 43 (granting postconviction relief on review of the denial of a motion for leave to file a successive postconviction petition raising a *Miller* claim); *People v. Wells*, 2019 IL App (3d) 160636-U, ¶ 28 (on appeal from the denial of leave to file a successive postconviction petition, the appellate court vacated defendant's sentence and remanded for a new sentencing hearing pursuant to *Buffer*, 2019 IL 122327, ¶¶ 44-47). Therefore, we vacate defendant's sentence and remand for a new sentencing hearing with directions that the court consider defendant's youth and its attendant characteristics. See *Buffer*, 2019 IL 122327, ¶ 42.

6

¶ 17    Finally, we take no position on defendant's request for a new judge. We note that this court previously found the circuit court did not exhibit bias when sentencing defendant. *Wilson*, 2019 IL App (3d) 160679-U, ¶ 24. Our prior opinion does not preclude the filing of a motion with the circuit court to substitute judge.

¶ 18                              III. CONCLUSION

¶ 19    The judgment of the circuit court of Kankakee County is vacated in part and remanded with directions.

¶ 20    Vacated in part and remanded with directions.

¶ 21    PRESIDING JUSTICE McDADE, specially concurring

¶ 22    I concur in the decision to vacate the sentence and remand for a new sentencing hearing. I write separately to say that I believe we should accede to defendant's request that we direct that the case be assigned to another judge.

¶ 23    The trial court in this case has granted the State's motion to try the juvenile defendant as an adult; presided over the trial at which he was convicted; sentenced him while expressing its belief that he had no rehabilitation potential; summarily denied an initial postconviction petition; and denied him leave to file a successive postconviction petition, which has led to this appeal.

¶ 24    In this latter effort, Wilson invoked *Buffer*, demonstrating that there was clearly cause to grant leave to file the petition. The basis for the court's denial of leave to file was that it found no prejudice—an assessment we have found to be erroneous. As indicated in ¶ 15 of the Order, a *de facto* life sentence is warranted "only if the trial court determines that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation." *People v. Holman*, 2017 IL 120655, ¶ 46. The trial court's prior

7

decisions relative to this defendant are persuasive indicators that its denial of defendant's petition reaffirms its earlier assessment of defendant's total lack of rehabilitative potential, implies that reconsideration in light of the *Miller* factors would not make any difference, and permits an appearance that the court is sufficiently *invested* in its earlier conclusions that defendant would not get a fair and unbiased rehearing.