**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200181-UB

Order filed August 30, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-20-0181 Circuit No. 09-CF-426 |
| MICHAEL WILSON, | ) ) | Honorable Kathy S. Bradshaw- Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court properly denied defendant leave to file a successive postconviction petition.

¶ 2    Defendant, Michael Wilson, appealed the Kankakee County circuit court's denial of his motion for leave to file a successive postconviction petition in which he argued that his *de facto* life sentence was unconstitutional under the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11. We agreed with defendant's contention that the court erred by finding

that defendant did not satisfy the cause and prejudice with respect to his eighth amendment claim and reversed the court's denial of defendant's motion with respect to that claim. *People v. Wilson*, 2021 IL App (3d) 200181-U, ¶ 16, *rev'd*, 2023 IL 127666. However, the Supreme Court disagreed, reversing our decision and directing us to consider defendant's proportionate penalties claim on remand. *People v. Wilson*, 2023 IL 127666, ¶ 44. We do so now and affirm the trial court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 3                                                I. BACKGROUND

¶ 4        The State filed a juvenile petition against defendant, who was 14 years old. The State's petition alleged that defendant had committed first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2008)), and armed robbery (*id.* § 18-2(a)). Subsequently, the court granted the State's motion to transfer defendant's case to criminal court, and a grand jury indicted defendant with the charges alleged in the juvenile petition. The cause proceeded to a jury trial.

¶ 5        The trial evidence established that on December 27, 2008, the date of the alleged murder, defendant was 14 years old. On that date, Ryan Graefnitz approached defendant and Byron Moore and asked if they knew where to purchase cocaine. Defendant indicated that he did. Defendant and Moore left in a vehicle with Graefnitz and two other individuals. Following defendant's directions, they arrived at an apartment building. Defendant, Moore, and Graefnitz exited the vehicle and entered the apartment building. An individual announced that a robbery was about to occur, and then several gunshots were fired. Witnesses observed Graefnitz exit the building and collapse, and defendant and Moore fled the scene. After fleeing, defendant told a friend that he shot a man he wanted to rob. Later, an autopsy confirmed that Graefnitz died from gunshot related injuries.

¶ 6    The jury found defendant guilty of first degree murder and the lesser included offense of attempted armed robbery. Additionally, the jury found that defendant did not personally discharge the weapon. In anticipation of sentencing, the court ordered a presentence investigation report (PSI).

¶ 7    During the sentencing hearing, the court considered defendant's 200-page PSI that revealed: (1) defendant's upbringing in the Department of Children and Family Services; (2) defendant's premature delivery and prenatal exposure to cocaine and amphetamines; (3) defendant's behavioral and learning disabilities, which caused him to be placed in special education programs; (4) school records showing defendant's many school suspensions for his noncompliance and aggressive behavior; (5) defendant's alcohol and daily marijuana use since the age of 13; (6) defendant's failure to complete outpatient or residential drug abuse treatment; (7) defendant's prior convictions for criminal damage and criminal trespass to property; and (8) defendant's poor behavior in the juvenile detention center following those convictions. The court also considered the parties' evidence in aggravation and mitigation, a victim impact statement, and defendant's statement in allocution. The court explained that it considered the particular facts of the case and acknowledged defendant's troubled history and developmental problems.

¶ 8    Further, the court noted that defendant was "only 14 years of age" when he committed the offenses. The court reflected that defendant was "young," but it believed that he was "a danger to society" and was unsure of his ability to be rehabilitated. The court sentenced defendant to 55 years' imprisonment for first degree murder and a consecutive term of 4 years' imprisonment for attempted armed robbery. On direct appeal, we affirmed defendant's convictions. *People v. Wilson*, 2015 IL App (3d) 130606-U, ¶ 69. The summary dismissal of

3

defendant's postconviction petition was also affirmed on appeal. *People v. Wilson*, 2019 IL App (3d) 160679-U, ¶ 24.

¶ 9     On March 27, 2020, defendant filed a motion for leave to file a successive postconviction petition alleging a *Miller* claim under the eighth amendment and proportionate penalties clause. Defendant asserted that *People v. Buffer*, 2019 IL 122327, ¶ 42, satisfied the cause requirement where it provided a "new substantive constitutional rule," not available to him in his initial postconviction petition. Defendant reasoned that *Buffer* allowed him to challenge his juvenile *de facto* life sentence. Also, defendant asserted that he established prejudice, requiring a new sentencing hearing where the court could consider the *Miller v. Alabama*, 567 U.S. 460, 477-78 (2012) factors. The court denied defendant's motion. Defendant appealed.

¶ 10     On appeal, we found that defendant established the requisite cause and prejudice for his eighth amendment claim, reversing the circuit court's denial of his successive postconviction petition and remanding for resentencing. *People v. Wilson*, 2021 IL App (3d) 200181-U, ¶ 16, *rev'd*, 2023 IL 127666. Having granted defendant relief under the eighth amendment, we did not address defendant's proportionate penalties clause argument. *Id.*

¶ 11     Thereafter, our supreme court considered defendant's eighth amendment claim, finding that defendant failed to establish prejudice. *People v. Wilson*, 2023 IL 127666, ¶ 44. In doing so, the court relied on *Jones v. Mississippi*, 593 U.S. ___, 141 S. Ct. 1307 (2021), explaining that *Miller* did not impose the requirement that the circuit court specifically find, on the record or implicitly, permanent incorrigibility in order to sentence a juvenile to life imprisonment. *Wilson*, 2023 IL 127666, ¶¶ 35-36, 38. Moreover, the court stated that " 'no viable *Miller* claim exists, "so long as the sentence is not mandatory—that is [ ] so long as the sentencer has discretion to consider the mitigating qualities of youth and impose a lesser punishment." ' " *Id.* ¶ 40 (quoting

4

*Commonwealth v. Felder*, 269 A.3d 1232, 1243 (Pa. 2022), quoting *Jones*, 593 U.S. at ___, 141 S. Ct. at 1314). Because defendant was "sentenced under a sentencing scheme that granted the sentencing court the discretion to consider [defendant's] youth and attendant circumstances and to impose less than *de facto* life sentence," and the court expressly acknowledged and did not explicitly refuse to consider the PSI, which contained extensive information regarding defendant's youth, defendant received the constitutionally required procedure under *Miller* and cannot establish prejudice. *Id.* ¶ 44. Thus, the supreme court reversed our decision and remanded directing us to consider whether defendant satisfied the cause and prejudice test with respect to his claim under the proportionate penalties clause. *Id.* ¶ 48. We now address that issue.

¶ 12                                    II. ANALYSIS

¶ 13        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." *Id.* § 122-1(a)(1). The Act contemplates the filing of a single postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 42. A defendant must obtain leave of court to file a successive postconviction petition. *People v. Wrice*, 2012 IL 111860, ¶ 47; *Robinson*, 2020 IL 123849, ¶ 43; 725 ILCS 5/122-1(f) (West 2018). To obtain leave, the defendant must allege either "cause and prejudice for the failure to assert a postconviction claim in an earlier proceeding" or a claim of actual innocence. *Robinson*, 2020 IL 123849, ¶ 42.

¶ 14        The supreme court stated in *People v. Clark*, 2023 IL 127273, that " ' *Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a [juvenile offender] to raise a claim under the proportionate penalties clause.' " *Id.* ¶ 61 (quoting *People v. Dorsey*, 2021 IL 123010, ¶ 74). The supreme court reasoned that "long before *Miller*,

5

Illinois law recognized the special status of juvenile offenders for purposes of applying the principles under the proportionate penalties clause." *Id.* Similar to *Miller*, *Buffer*'s unavailability in the present case, "does nothing to explain why in this successive postconviction proceeding defendant neglected to raise the proportionate penalties clause claim" in his direct appeal or prior postconviction petition. See *Dorsey*, 2021 IL 123010, ¶ 74. Defendant failed to provide any other compelling reason for failing to raise his proportionate penalties clause claim on direct appeal or in his original postconviction petition. Therefore, we find that defendant has not established the cause required to satisfy the cause and prejudice test as it applies to his proportionate penalties claim. We affirm the circuit court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of Kankakee County is affirmed.

¶ 17        Affirmed.