NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230426-U

NO. 4-23-0426

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| EMMITT WRIGHT, | ) | No. 97CF671 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joseph G. McGraw, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court granted defense counsel's motion to withdraw and affirmed
the trial court's judgment dismissing defendant's successive postconviction
petition.

¶ 2     In 1998, defendant, Emmitt Wright, was convicted of two counts of first degree
murder and sentenced to natural life imprisonment. In November 2021, he filed a successive
postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1
*et seq.* (West 2020)), arguing his sentence of natural life imprisonment for a crime he committed
at the age of 18 violated the proportionate penalties clause of the Illinois Constitution (Ill. Const.
1970, art. I, § 11) and the eighth amendment to the United States Constitution (U.S. Const.,
amend. VIII). The State filed a motion to dismiss defendant's petition, which the trial court

granted. Defendant appealed, and the Office of the State Appellate Defender (OSAD) was appointed to represent him on appeal.

¶ 3        On appeal, OSAD now moves to withdraw as counsel on the basis it can raise no colorable argument the trial court erred in dismissing defendant's successive postconviction petition. We grant OSAD's motion and affirm the court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        In 1998, a jury found defendant guilty of two counts of first degree murder and the trial court sentenced him to natural life imprisonment. He was 18 years old at the time of the offenses. Defendant's convictions and sentence were affirmed on direct appeal.

¶ 6        In April 2001, defendant *pro se* filed his initial postconviction petition. The trial court dismissed the petition as frivolous, and its judgment was affirmed on appeal.

¶ 7        In March 2020, defendant *pro se* filed a motion for leave to file a successive postconviction petition and an accompanying petition. He argued his sentence of natural life imprisonment violated the eighth amendment to the United States Constitution because "the trial court didn't have the ability to consider [his] youth, rehabilitative potential, or any other mitigating factors when imposing his mandatory life sentence." The court granted defendant leave to file a successive postconviction petition and appointed counsel.

¶ 8        On November 24, 2021, defendant filed an amended successive postconviction petition, which is the subject of the instant appeal. Citing *Miller v. Alabama*, 567 U.S. 460 (2012), he argued that his sentence of natural life imprisonment "violates the Proportionate Penalties Clause of the Illinois Constitution as applied to him, and the Eight [*sic*] Amendment prohibition against cruel and unusual punishments in the United States Constitution as well." See *id.* at 465 (holding "mandatory life [imprisonment] without parole for those under the age of 18

at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments' "). The State filed a motion to dismiss defendant's petition, arguing he failed to establish cause and prejudice for his failure to bring the claims in his initial postconviction petition. Defendant filed a response to the State's motion, in which he argued *Miller* gave him cause to bring the constitutional claims because it was not decided until 2012. The trial court granted the State's motion on the basis defendant failed to establish cause for his failure to bring the claims earlier.

¶ 9        Defendant appealed, and OSAD was appointed to represent him on appeal. OSAD now moves to withdraw as appellate counsel on the basis it can raise no colorable argument the trial court erred in dismissing defendant's successive postconviction petition. We granted defendant leave to file a response to OSAD's motion. Defendant filed a response, arguing he made a substantial showing of a constitutional violation that entitled him to an evidentiary hearing on his petition. However, he made no argument that he established cause and prejudice for his failure to bring the claims in an earlier proceeding.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, OSAD contends it can raise no colorable argument the trial court erred in dismissing defendant's successive postconviction petition. Specifically, OSAD contends no argument can be made defendant established cause for his failure to bring the claims in an earlier proceeding. "A trial court's dismissal of a post-conviction petition without an evidentiary hearing is reviewed *de novo*." *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002).

¶ 12        The Act provides a remedy for criminal defendants who claim their conviction or sentence resulted from a substantial denial of their constitutional rights. It generally contemplates the filing of only one postconviction petition. See 725 ILCS 5/122-1(f) (West 2020)) ("Only one

petition may be filed by a petitioner under this Article without leave of the court."). Leave of court to file a successive postconviction petition will be granted only if, in relevant part, the defendant can satisfy the cause-and-prejudice test. *Pitsonbarger*, 205 Ill. 2d at 460; see 725 ILCS 5/122-1(f) (West 2020) ("Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure."). "Cause," for purposes of the cause-and-prejudice test, is shown "by identifying an objective factor that impeded [a defendant's] ability to raise a specific claim during [the] initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). "Prejudice" can be established by showing the claim at issue "so infected the trial that the resulting conviction or sentence violated due process." *Id.* "Throughout the three-stages in the postconviction process, the State has the 'opportunity to seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition.' " *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 35 (quoting *People v. Bailey*, 2017 IL 121450, ¶ 26).

¶ 13        Here, we agree with OSAD that no argument can be made the trial court erred in granting the State's motion to dismiss defendant's successive postconviction petition on the basis he failed to establish cause for not raising the claims in his initial postconviction petition. In *People v. Moore*, 2023 IL 126461, our supreme court squarely rejected the claims defendant raised in his successive postconviction petition. For purposes of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII), the *Moore* court held that because *Miller* applies only to juveniles, its holding did not change the law applicable to young adults. *Moore*, 2023 IL 126461, ¶ 38. "*Miller*'s unavailability prior to 2012 at best deprived [young adult offenders] of some helpful support for [their] [eighth amendment] claim, which is insufficient to

- 4 -

establish cause." (Internal quotation marks omitted.) *Id.* As for defendant's claim under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), our supreme court has held that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a [juvenile offender] to raise a claim under the proportionate penalties clause." *People v. Dorsey*, 2021 IL 123010, ¶ 74. "As *Miller* does not directly apply to young adults, it also does not provide cause for a young adult offender to raise a claim under the proportionate penalties clause." *Moore*, 2023 IL 126461, ¶ 40.

¶ 14    Because our supreme court has expressly held that *Miller* does not provide cause for a young adult offender such as defendant to challenge his sentence under either the eighth amendment or the proportionate penalties clause, we agree with OSAD that no argument can be made the trial court erred in dismissing defendant's successive postconviction petition. See *Pitsonbarger*, 205 Ill. 2d at 464 ("The cause-and-prejudice test *** is composed of two elements, both of which must be met in order for the petitioner to prevail.").

¶ 15                                III. CONCLUSION

¶ 16    For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 17    Affirmed.